# SHER TREMONTE LLP

October 31, 2014

**BY ECF & HAND DELIVERY**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

   Re: *Hanna Bouveng v. NYG Capital LLC, et al.*
      (Case No. 14-CV-5474)

Dear Judge Gardephe:

  In accordance with Rule 4(A) of the Court's Individual Rules of Practice and the Court's specific instructions during the telephone conference on October 15, we write on behalf of our clients, the Defendants Benjamin Wey ("Wey"), NYG Capital LLC d/b/a New York Global Group ("NYGG"), and FNL Media LLC ("FNL") to request permission to file a motion to partially dismiss the Second Amended Complaint (the "Complaint"). Pursuant to the Court's instructions and subject to the Court's approval, the parties have agreed to the following proposed briefing schedule:

- Defendants to file their moving papers by November 12;
- Plaintiff to file any opposition by December 5;
- Defendants to reply by December 19.

  The Complaint purports to state thirteen separate claims against Defendants arising from Plaintiff's internship at NYGG, an international business consulting firm. However, the Complaint suffers from multiple legal deficiencies requiring the dismissal of a number of these claims. Specifically, Defendants plan to move to dismiss the following for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6): (a) all claims against FNL under the New York State Human Rights Law and New York City Human Rights Law, because FNL, neither a division nor a subsidiary of NYGG, was not Plaintiff's employer; (b) the assault, battery, and intentional infliction of emotional distress claims against NYGG and FNL, and the defamation claim against NYGG, because these intentional torts cannot be attributed to these corporate defendants; (c) the intentional infliction of emotional distress claim against all Defendants, because it is duplicative of other tort claims; and (d) the request for injunctive relief, which runs afoul of the First Amendment. In addition, Defendants intend to move to dismiss the new claim for breach of the stipulation between the parties under Federal Rule of Civil Procedure 12(b)(1),

because the Court lacks supplemental jurisdiction over this claim. Each of these grounds for dismissal is discussed in turn below.

The New York State Human Rights Law and New York City Human Rights Law claims against FNL necessarily fail because it was not Plaintiff's "employer" within the meaning of these statutes. Plaintiff asserts that her actual employer was NYGG, but then conclusorily alleges that NYGG and FNL can be considered a "single or joint enterprise" due to their purported corporate affiliation. (Compl. ¶¶ 7-8). However, none of the required criteria to support such a claim is alleged. In determining whether an entity is an "employer" under the New York state and city employment laws, courts consider the following factors: (1) whether the proposed employer had the power of the selection and engagement of the employee; (2) whether the proposed employer made the payment of salary or wages to the employee; (3) whether the proposed employer had the power of dismissal over the employee; and (4) whether the proposed employer had the power to control the employee's conduct. *Robins v. Max Mara*, U.S.A., Inc., 923 F. Supp. 460, 470 (S.D.N.Y. 1996). Because Plaintiff fails to allege any of these factors as to FNL, dismissal of the employment claims against FNL is appropriate. *See id.* at 470-71.

Plaintiff's assault, battery, and intentional infliction of emotional distress claims against NYGG and FNL, and defamation claim against NYGG, should be dismissed because they are based on intentional torts allegedly committed by Wey that cannot be attributed to NYGG and FNL as a matter of law. Plaintiff has alleged in conclusory fashion, without any factual or logical support, that in committing these alleged intentional torts Wey acted within the course and scope of his employment, thus making the corporate defendants responsible for his alleged misconduct under the theory of respondeat superior. However, as there is no conceivable reason why Wey's alleged improper sexual contact or defamatory remarks would have been within the scope of his employment, there is no basis for respondeat superior liability. As the Complaint does not and cannot plausibly allege the requisite connection between NYGG's and FNL's business interests and Wey's alleged intentional torts, these claims against NYGG and FNL should be dismissed.

Plaintiff's new breach of contract claim, based on a stipulation entered into by the parties after the initiation of this case, should be dismissed because the Court lacks supplemental jurisdiction over it. The stipulation at issue required the parties to remove and to refrain from adding certain internet postings regarding this case. Defendant's alleged breach of this stipulation, by posting new internet articles, falls outside of this Court's supplemental jurisdiction because it does not arise from the same "nucleus of operative fact" as the original claims. Nor does the Court have independent jurisdiction over this claim, because the amount in controversy does not meet the requirement for diversity jurisdiction. Furthermore, Wey previously initiated a state court action, seeking a determination that the stipulation was fraudulently induced and breached by Plaintiff. Accordingly, principles of comity dictate that this dispute should be adjudicated in state court, where it was first raised. In addition, regardless of whether the breach of contract claim is permitted in this action, it should be dismissed as to FNL, which was not a signatory to the stipulation.

Plaintiff's intentional infliction of emotional distress claim fails against all defendants because it is duplicative of her other tort claims. Since "intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort" any such a claim is therefore "precluded where the offending conduct is embraced by a traditional tort remedy." *E.E.O.C. v. Die Fliedermaus*, 77 F. Supp. 2d 460, 472-73 (S.D.N.Y. 1999). Here, to the extent that Plaintiff has alleged any conduct that even arguably meets the requisite standard of outrageousness to support a claim for intentional infliction of emotional distress, that same conduct is addressed by her other tort claims. Plaintiff alleges that Wey intentionally inflicted emotional distress in that he "molested, assaulted, battered, harassed, humiliated, degraded, disparaged, defamed, and retaliated against" her. (*See* Compl. ¶ 209.) These alleged acts are all explicitly addressed by Plaintiff's sexual harassment, retaliation, defamation, assault, and battery claims. For this reason, the intentional infliction of emotional distress claims should be dismissed as duplicative.

While no longer labeled a separate cause of action as it was in Plaintiff's previous pleading, the Complaint still seeks unwarranted, unlawful, and exceedingly broad equitable relief in connection with her retaliation claim, in the form of an injunction ordering Defendants to cease communicating about a variety of subjects through various media. (Compl. ¶¶ 195-97.) The requested injunctive relief would constitute an unlawful prior restraint on Defendants' right of free speech in violation of the First Amendment. The injunctive relief that Plaintiff is seeking is the suppression of the same type of speech that is the subject of her defamation claim. While Plaintiff also seeks to enjoin further "harassment," "intimidation," and "retaliation," this all falls under the rubric of speech, as the only instances alleged of such behavior are Wey's alleged defamatory statements. Because the injunction sought would impermissibly infringe on Wey's right of free speech, Plaintiff's equitable claims should be dismissed as a matter of law.

Plaintiff's claim for injunctive relief should also be dismissed for failure to adequately plead the required elements of absence of an adequate remedy at law and irreparable harm. As noted above, the injunctive relief that Plaintiff is seeking is the suppression of the same type of speech that is the subject of her defamation claim. Whatever injury Plaintiff can prove stemming from Wey's alleged past defamatory statements is compensable in money damages, and only in money damages. To the extent Plaintiff is seeking a prior restraint of future statements that Wey may hypothetically make, the injunction cannot be granted on First Amendment grounds. Accordingly, Plaintiff has an adequate remedy at law for any permissible speech-related claim and cannot demonstrate irreparable harm. For these additional reasons, the claim for injunctive relief should be dismissed.

Finally, as discussed during the October 15 conference, Defendants respectfully request that the Court issue a case management plan and scheduling order so that the parties may begin discovery while Defendants' motion to dismiss is pending.

Respectfully submitted,

*[signature]*

Justin M. Sher
Mark Cuccaro


cc: Martha McBrayer, Esq., counsel for Plaintiff (by email and ECF)