UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================X
HANNA BOUVENG,

                        *Plaintiff*,

-against-                                            Civil Action No.:
                                                              **14 Civ. 5474 (PGG)**

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL
GROUP, FNL MEDIA LLC, and BENJAMIN WEY,

                        *Defendants*.

========================================X

### Plaintiff's Opposition to Defendants' Motion to Extend Discovery Deadlines to Accommodatean Expert Report Based on the Psychiatric Examination of Plaintiff

      Defendants' instant Motion is their latest attempt to delay this litigation. Although the Court entered a discovery schedule nearly four months ago (DE56), and although Defendants have been aware of Plaintiff's claims in this litigation since it was commenced more than eight months ago (DE1), they first now request an extension of time from this Court to have an expert psychiatrist examine Plaintiff and render a report. However, as per the Court's scheduling order, discovery is scheduled to end on March 17, 2015 and trial is scheduled to begin on April 20, 2015. Defendants cannot set forth any reason—and certainly cannot meet their burden of demonstrating "good cause" — why they could not have noticed this expert several months ago to comply with the Court's March 17, 2015 fact discovery deadline. Accordingly, Defendants' Motion should be denied.

1

### Defendants' History of Delay Tactics In This Litigation

On December 18, 2014, the Court entered a scheduling order on consent of the parties. Since that time, Plaintiff has worked diligently to complete discovery, while Defendants have made numerous attempts to derail the schedule and this litigation. On January 14, 2015, Defendants' counsel wrote a letter to the Court seeking an adjournment of the trial date, which was not granted. (DE68). On February 10, 2015, Plaintiffs were forced to request Court intervention after Defendants failed to respond to any of Plaintiff's Rule 34 Requests for Production of Documents, and only responded to two of Plaintiff's Rule 33 Interrogatories. (DE77). On February 25, 2015, Plaintiffs again were forced to seek Court intervention after Defendants refused to confirm numerous depositions. (DE84). On March 3, 2015, Defendants filed a request for an extension of discovery, which was denied. (DE 92, DE102). On March 5, 2015, less than two weeks before the close of fact discovery, Defendant sought to change counsel, which the Court denied as it would have clearly delayed discovery. (DE97). On March 9, 2015, Defendants filed another request for an extension of discovery, which was again denied by the Court. (DE100, DE102).

### Defendants Should Not Be Granted an Extension of Discovery to Accommodate Submission of an Expert Report and Psychiatric Evaluation of Plaintiff

On March 13, 2015, four days before the discovery end date, Defendants filed this Motion seeking to extend the discovery period to accommodate the submission of an expert report and psychiatric evaluation of plaintiff. Despite Defendants' touting the proposed expert's purported qualifications, they have not come forth with a single reason why they could not or did not request this examination earlier. Therefore, Defendants

have not demonstrated good cause as to why the Court should extend the fact discovery period to accommodate their requests pursuant to Fed. R. Civ. P. 35.

A request to modify a case management order entered pursuant to Rule 16(b) requires a showing of "good cause." Arnold v. Krause, Inc., 232 F.R.D. 58, 65 (W.D.N.Y. 2004) aff'd and adopted, 233 F.R.D. 126 (W.D.N.Y. 2005); Fed.R.Civ.P. 16(b); *see also* Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 447 (W.D.N.Y.1997). An attorney's excusable neglect does not constitute, for the purposes of Rule 16(b)'s requirements, good cause shown. Id. "Good cause" for amending a Rule 16(b) order requires that a party "demonstrate ... that despite their diligence the time table could not have reasonably been met." Id. (*quoting* Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D.Ind.1995)). The Second Circuit has repeatedly stated that "a finding of 'good cause' depends on the diligence of the moving party". Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 252 (W.D.N.Y. 2012). "The Magistrate's Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Eng-Hatcher v. Sprint Nextel Corp., No. 07 CIV. 7350 BSJ KNF, 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008) (*quoting* Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985).

"It is well settled among the circuits that a court's refusal to extend a discovery deadline to allow a party's untimely designation of an expert witness is not an abuse of discretion where a review of the factual record indicates that the party requesting the extension unjustifiably failed to comply with the original deadline." Carrier Servs., Inc. v. Omni Mail, Inc., No. 98 CIV. 9197 RMB RLE, 1999 WL 1211829, at *2 (S.D.N.Y. Dec. 17, 1999).

Defendants cannot show good cause here why the discovery schedule should now be modified to accommodate their last-minute expert disclosure. Plaintiff filed her initial Complaint in this action in July 2014. This Complaint contained fourteen causes of action, including intentional infliction of emotional distress, defamation, sexual harassment, gender discrimination, retaliation, assault and battery. Thus, Defendants have been on notice that Plaintiff was claiming emotional distress in this action since its inception. Now, after eight months of litigation and less than two weeks before the close of discovery, Defendants first seek to disclose an expert and request a mental examination of Plaintiff. Defendants argue that a mental examination of Plaintiff is necessary because she put her mental condition "in controversy." While Plaintiffs disagree with Defendants' argument, the point remains that Defendants had plenty of time to comply with the Court's scheduling order, and should have requested this expert mental examination of Plaintiff months ago. Defendants' lack of diligence and disregard for the Court's scheduling order should not justify the court extending the discovery period.

Defendants will not be prejudiced by the denial of their motion since Plaintiff will not proffer the testimony of any psychiatric expert in this case. However, should Defendants be permitted to have their proposed expert examine Plaintiff and render a report, Plaintiff will request to have her own expert evaluate Plaintiff and render a report. Further, Plaintiff will seek to depose Defendants' proposed expert. This will surely delay discovery for several months, and require the April 20, 2015 trial date to be adjourned accordingly. Plaintiff has been diligent and has strictly adhered to the Court's scheduling order. Thus, Plaintiff intends to have discovery completed within the Court's permitted

4

time frame and well before the April 20, 2015 trial date. The Court has thwarted Defendant's numerous previous attempts to delay this trial, and should not permit Defendants' to delay this trial on account of its lack of diligence in timely disclosing an expert. Further, delaying this trial will unduly prejudice Plaintiff as Defendants have continued, unabated, to publish articles about her in The Blot magazine that retaliate against, defame, and intimidate Plaintiff, her family, her contacts and her counsel.

### Conclusion

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion and adhere to the scheduling order and trial date.

**MORELLI ALTERS RATNER**

Dated:   March 16, 2015          By:   _/s/ Molly_

Martha M. McBrayer
777 Third Avenue, 31st Floor
New York, NY 10017
mmcbrayer@morellialters.com

David S. Ratner
777 Third Avenue, 31st Floor
New York, NY 10017
dratner@morellialters.com

*Counsel for Plaintiff*

5