---------------------------------------------------------------------X
HANNA BOUVENG,

            Plaintiff,

                  - against -

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL
GROUP, FNL MEDIA LLC, and BENJAMIN WEY,

            Defendants.
---------------------------------------------------------------------X

**BRIEF IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE**

Docket No: 14 Civ. 5474 (PGG)

### Introduction:

During the course of her employment with Defendants, Plaintiff Hanna Bouveng was subjected to *quid pro quo* sexual harassment by Defendant Benjamin Wey, CEO of Defendant NYGG and Publisher of Defendant FNL Media's digital magazine, TheBlot. Since her termination, Ms. Bouveng has been subjected to ongoing retaliation, harassment, intimidation and defamation by these Defendants.

Plaintiff makes this application in an effort to prevent Defendants from continuing to violate the February 13, 2014 Confidentiality Agreement and Protective Order during the pendency of this litigation. Plaintiff further makes this application in an effort to obtain damages from Defendants NYGG, FNL Media and Benjamin Wey, as well as from Defendants' attorneys Sher Tremonte, for their breach of the February 13, 2014 Confidentiality Agreement and Protective Order. Specifically, Plaintiff seeks an Order: 1) holding Defendants in contempt for their deliberate posting of Confidential Material in its digital magazine TheBlot as well as its placement of Confidential Material in the Court's public file in violation of the Stipulated Confidentiality Agreement and Protective Order governing discovery in this case; 2) sanctioning Defendants for this misconduct via a monetary fine in the amount of $10,000 per violation; and 3) awarding Plaintiff attorney's fees.

**Facts:**

In February 2015, at Defendants' instigation, the parties entered into a stipulated Confidentiality Agreement and Protective Order intended to prevent public dissemination of any materials disclosed during the course of discovery that either party deemed "Confidential." (Exhibit A, Confidentiality Agreement and Protective Order.)

This Court signed the Confidentiality Agreement and Protective Order on February 13, 2015.

The Confidentiality Agreement and Protective Order provides that either party may designate portions of the deposition transcript as "Confidential." It further provides: "During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated as Confidential."

On March 17, 2015, Plaintiff's deposition was held. During the course of the deposition, Ms. Bouveng was allowed by her counsel to answer certain questions of a personal nature *after* her counsel objected and informed defense counsel that the line of questioning was inappropriate, irrelevant and inadmissible, and would be the subject of a motion *in limine*.

As set forth in detail in Plaintiff's *in camera* correspondence to the Court, the following morning, Defendants promptly published yet another retaliatory article in TheBlot specifically referencing Ms. Bouveng's deposition. (*See* Plaintiff's *in camera* correspondence to the Court dated March 18, 2015.)

Moreover, on the afternoon of March 18, 2015, Defendants' counsel Sher Tremonte efiled portions of Ms. Bouveng's deposition testimony concerning her psychological injury as an atttachment to its Reply regarding its Motion to Extend Discovery Deadlines. (Id.)

On March 19, 2015, a Conference was held before this Court concerning Defendants' breach of the Confidentiality Agreement and Protective Order. Sher Tremonte represented that it had removed its efiling and would take measures to ensure that Defendants immediately revised or removed the offending

articles. The Court instructed Plaintiff to file the instant Order to Show Cause and for the parties to brief Plaintiff's application for sanctions, noting that Defendants should specifically address why sanctions should not be imposed.

Although Benjamin Wey attended the hearing, he has willfully disregarded its import. Indeed, following the hearing, Mr. Wey spoke to reporters from the New York Post and the New York Daily News and once again specifically referenced Ms. Bouveng's deposition testimony. Those articles are attached. (Exhibit B, Post and Daily News articles.)

Moreover, Defendants have failed to remove the offending Blot article.

Indeed, since the inception of this litigation, Defendants have continued to publish highly insulting and defamatory articles concerning Ms. Bouveng, her family, her friends and her lawyers, all in retaliation for Ms. Bouveng's complaint concerning Wey's sexual harassment and in an effort to intimidate potential witnesses, taint prospective jurors, discourage her present lawyers, and punish Ms. Bouveng.

At this juncture, it is apparent that nothing short of holding Defendants in civil contempt will stop Defendants from repeating this ongoing harm.

**Legal Argument:**

NYGG, FNL Media and Benjamin Wey should be held in civil contempt for their deliberate violations of the Confidentiality Agreement and Protective Order that governs discovery in this case, as Federal Courts have "broad discretion to fashion remedies necessary to ensure compliance with their orders." Flaherty v. Filardi, 2009 WL 3762305 at 4 (SDNY Nov. 10, 2009)(*citations omitted.*)

A party may be held in civil contempt for failure to comply with a Court Order if: (1) the underlying Order is "clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the offending party has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir.2004)

(*citations omitted*)(*affirming order holding company in civil contempt.*)   In the instant case, not only does the underlying Protective Order clearly and unambiguously state that deposition testimony is deemed Confidential for 30 days following the deposition, but Defendants drafted the Order themselves. Moreover, while Defendants have acknowledged their non-compliance (at least via counsel), they have not only failed to take down the offending publication but have continued to violate the Protective Order.

Civil contempt sanctions are an appropriate mechanism to coerce a party's future compliance with the court's orders and to compensate a wronged party.  Flaherty, supra, 2009 WL 3762305 at 4 (*"the inherent power to hold a party in contempt is a necessary function for purposes of managing and maintaining order in the efficient and expeditious administration of justice*), *referencing* Sunbeam Corp. v. Golden Rule Applicance Co., 252 F2d 467, 469 (2nd Cir. 1958)(*affirming order of contempt.*)   Pursuant to FRCP 37(b), violation of a discovery protective order issued under FRCP 26(c) can be treated as contempt. Flaherty, supra, 2009 WL 3762305 at 5, *referencing* Schiller v. City of N.Y., 2007 WL 1623108 at 3 (SDNY June 5, 2007.)   *See also* FRCP 37(b)(2)(A)(vii.)   In the instant case, civil contempt sanctions appear to be the *only* mechanism available to ensure Wey stops posting Confidential Material on TheBlot.

In Flaherty, a case markedly similar to this one, plaintiff was held in contempt for deliberately violating the terms of a Protective Order by publicly efiling and posting Confidential Materials on the internet at her website.   Flaherty, supra, 2009 WL 3762305 at 5 (*granting Defendants' Motion to Sanction, finding Plaintiff in civil contempt of Court for her violation of the Protective Order, and awarding Defendants attorneys fees and costs incurred in connection with the order to show cause and the prosecution of the Motion to Sanction.*)   So too at bar.

Sanctions for civil contempt include the award of compensatory damages to make Plaintiff "whole for the harm (s)he has suffered," Vuitton et Fils S. A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir. 1979), and the award of damages designed to coerce the offending party into compliance.   Perfect Fit

Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56 (2d Cir. 1982)   Thus where imposition of a coercive fine is necessary to compel a business held in civil contempt to comply with the Court's Order, the Court may set a daily fine which makes it more economical for the company to comply than to continue its contempt.   Perfect Fit Indus., Inc., 673 F.2d at 56 (*contingent fine of $5,000 per day did not constitute an abuse of discretion.*)   Accordingly, Plaintiff respectfully requests damages in the amount of $10,000 for each of Defendants' violations, as well as damages in the amount of $10,000 daily for each violation after the March 19 hearing.   (*See* Ex. C, Affidavit of David S. Ratner.)

Finally, unless Defendants' violation was substantially justified or other circumstances render an award of expenses unjust, FRCP 37 requires an award of attorneys' fees and costs occasioned by the party's breach.   Hunt v. Enzo Biochem, Inc., 2011 WL 4840713 at 3 (SDNY 2011) (*citations omitted*) (*holding both plaintiff and his counsel in civil contempt for violating the Court's protective order regarding confidential information, and ordering each to pay 50% of defendant's fees and costs.*)   Indeed, "even if noncompliance is eventually cured and does not result in prejudice to the moving party, a court may sanction the noncompliant party because Rule 37 serves punitive and deterrent functions in addition to being a tool to compel compliance."   Id.; Flaherty, supra, 2009 WL 3762305 at 6 ("*the party damaged by the conduct warranting civil contempt should be made whole for the harm it has suffered*"), *referencing* FRCP 37(b)(2)(C.)   Therefore, it is appropriate for the court to award the reasonable costs of prosecuting the contempt, including attorney's fees.   Id.   (*See* Ex. C, Affidavit of David S. Ratner.)

Defendants had no legitimate basis for publishing information from Plaintiff's deposition.   Rather, Defendants did so as part and parcel of its ongoing campaign of retaliation and harassment against Ms. Bouveng.   Defendants' misconduct constitutes civil contempt and warrants sanctions.

WHEREFORE, it is respectfully requested that the Order to Show Cause attached herein issue from

this Court, and on the return date, that Order be entered for the relief requested.

Dated:  New York, NY
        March 23, 2015

                                            _____
                                            DAVID S. RATNER (DR-7758)

TO: Justin M. Sher, Esq.
SHER TREMONTE, LLP
80 Broad Street, 13th Floor
New York, New York   10004
(212) 202-2600

Attorneys for Defendants