# MEMO ENDORSED



LAW FIRM



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/15

David S. Ratner
*admitted in New York
dratner@morellialters.com

April 16, 2015

**VIA ECF AND FACSIMILE**
Magistrate Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                                           **RE:**
                                           **14 Civ. 5474**
                                           **Bouveng v. NYG Capital, LLC et al.**

Dear Magistrate Freeman,

    We are writing to request permission to move for sanctions against Defendants and their law firm, Sher Tremonte, LLP pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure for Defendants' failure to properly respond to Plaintiff's discovery demands and for Defendants' responses which have misled counsel and the Court concerning the availability of relevant discovery documents.

    Your Honor is well aware of the ongoing discovery disputes between Plaintiff and Defendants as they have been discussed extensively in past conferences. As of the date of this letter the following discovery issues remain:

1. Mr. Wey's Orbitz bookings have not been produced. These documents are in Mr. Wey's direct control as evidenced by the fact that his American Express bill is sent to the same P.O. Box as Tian Yi Wei/NYGG China's Orbitz bill. These documents were due January 22, 2014. Mr. Wey has testified in the past and counsel had informed the Court that these bookings were done in China and could not be retrieved.
2. Mr. Wey's various hotel bookings for business trips he and the Plaintiff took together have not been produced. American Express bills reflecting payment for certain trips have been produced which contradict Mr. Wey's previous testimony that the trips were paid for by Chinese investors and that he could not access any of the records or receipts. Given Defendants' repeated and blatant attempts to falsify, Plaintiff firmly believes that Mr. Wey has receipts which would reflect the number of rooms booked on various trips. That information cannot be gleaned from what

Reply To:

**Morelli Alters Ratner, LLP**
**New York City**
777 Third Avenue
31ˢᵗ Floor
New York, New York 10017
Tel: (212) 751-9800
Fax: (212) 751-0046
Toll Free: (877) 751-9800

www.morellialters.com

**Morelli Alters Ratner, P.A.**
**Miami Design District**
4141 Northeast 2nd Avenue
Suite 201
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

Defendants have produced to date. Furthermore, Defendants' most recent production of documents was redacted. Given Defendants' past equivocations, Plaintiff demands a redaction log.

3. Mr. Wey's Facebook messages, posts and other data have not been produced. These documents are in Mr. Wey's direct control and were due on January 22, 2014. Plaintiff attempted to use the authorization provided by Defendants. Facebook responded via letter. We received the letter on Tuesday and forwarded a copy to Defendants. Facebook explained that it does not accept written authorizations for release of information, and that since the documents are in Mr. Wey's direct control, and since he is apparently willing to cooperate, Mr. Wey is the proper recipient of such a request. Defendants have not yet responded.

4. Mr. Wey's text messages have not been produced. To date, defendants have only provided an authorization they should know is unusable. These documents are in Mr. Wey's direct control and were due on January 22, 2014.

5. E-mail messages sent to, from, or concerning Hanna Bouveng during the course of her employment have not been produced. Communications with iCore have revealed that even messages which have been deleted are viewable and retrievable for seven days. Therefore, all emails dating from Ms. Bouveng's termination until the present should have been preserved. Ms. Bouveng's email account was still active on the day Defendants were notified that she had retained counsel, and since it had been fewer than seven days since her termination, all of Ms. Bouveng's emails were still recoverable even if they had been deleted. On April 6 and 7, 2015, staff members at NYGG's email provider, iCore, were willing to correspond with Counsel. Unfortunately, communication with iCore has broken down. Beginning on April 9, 2015 iCore staff repeatedly refused to respond to questions from any individual without an email address ending in "@nyggroup.com". Plaintiff demands copies of communication and a sworn statement as to what communication Defendants or their employees or agents have had with iCore since the last discovery conference. To date, Defendants have not represented that Mr. Wey or any other NYGG employee has made an effort to recover and produce emails from iCore.

At a minimum, all of Mr. Wey's and Mr. Baxter's emails to, from, or about Ms. Bouveng dating from April 28, 2014 until the present should have been preserved. These documents are or were in Mr. Wey's direct control and were due on January 22, 2014. To date, only select emails have been produced. The emails which have been produced appear to have been cherry picked for the purpose of supporting various defenses in this action.

6. Mr. Wey's sworn statement regarding the deletion of Hanna Bouveng's email account reveals that Defendants' Rule 26 disclosures were incomplete, since Jonathan Lu was not named, let alone fully identified.

7. Counsel, but not Mr. Wey, has contacted Charles Highsmith regarding hannabouveng.com and jameschauvet.com.

8. Defendants recently named James Huang as the individual who was contacted regarding the removal of material from hannabouveng.com and jameschauvet.com pursuant to the August 28, 2014 Stipulation and Agreement entered into by the parties. James Huang was not named, let alone fully identified, in Defendants' Rule 26 Disclosures, which were submitted approximately five months after Defendants allegedly contacted Mr. Huang. No emails or other communication between Defendants and Mr. Huang have been produced to date.

9. Counsel, but not Mr. Wey, has contacted Tian Yi Wei to recover relevant documents.
10. Counsel, but not Mr. Wey, has contacted James Huang to recover relevant documents.

Unfortunately, Defendants' counsel has not been helpful in obtaining the outstanding discovery items since they have relied on Defendants' efforts rather than their own. Upon receiving Defendants' inadequate, nonresponsive and bizarre discovery responses, counsel for Defendants failed in their obligations to verify the accuracy and completeness of the information being provided.

Defendants' discovery abuses have been serious, numerous and ongoing. Plaintiff hereby requests permission to file a motion for sanctions against Benjamin Wey, NYG Capital LLC, FNL Media and Sher Tremonte LLP.

Respectfully Submitted,

**David S. Ratner**

cc:

Justin M. Sher
**SHER TREMONTE LLP**
80 Broad Street, Suite 1301
New York, NY 10004
jsher@shertremonte.com

*Attorney for Defendants*

This Court having reviewed the letters from counsel docketed as Dkts. 141, 145, 146 +147, it is hereby ORDERED that:

1) The Court will hold a telephonic pre-motion conference with counsel on 4/30/15 at 10:00 am with respect to plaintiff's request for leave to move for discovery sanctions. Pending that conference, this Court will not issue any further orders compelling the production of documents or information from Defendants.

2) Plaintiff is directed to respond, no later than 4/29/15, to those portions of Defendants' 4/17/15 letter (Dkt. 146) that relate to outstanding discovery from Plaintiff +/or Plaintiff's witnesses.

**SO ORDERED:** **DATE:** 4/23/15

**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**