# EXHIBIT A

Plaintiff's Exhibit 1

RECEIVED
OKLAHOMA DEPT.
OF SECURITIES

STATE OF OKLAHOMA
DEPARTMENT OF SECURITIES
FIRST NATIONAL CENTER, SUITE 860
120 NORTH ROBINSON
OKLAHOMA CITY, OKLAHOMA 73102

FILED
JUL 13 2005
by the Administrator

In the Matter of:

Benjamin Wei,

      Respondent.

ODS File No. 02-166

## AGREEMENT

    An investigation into the activities of Benjamin Wei was conducted by the Oklahoma Department of Securities (Department), pursuant to the Oklahoma Uniform Securities Act of 2004 (Act), Okla. Stat. tit. 71, §§ 1-101 through 1-701 (Supp. 2003), and the Oklahoma Securities Act (Predecessor Act), Okla. Stat. tit. 71, §§ 1-413, 501, 701-703 (2001 and Supp. 2003), in connection with the offer, sale and/or purchase of securities and the provision of investment advice in and/or from Oklahoma.

    On January 22, 1997, Wei was registered under the Predecessor Act as an investment adviser representative of Elite Strong Growth Investment, Inc. (Elite), an investment adviser. Wei's registration as an investment adviser representative terminated on December 31, 2000.

    On January 7, 2000, Wei applied for registration under the Predecessor Act as an agent of his closely held company, Benchmark Securities Group, Inc. (Benchmark Securities), a broker-dealer. On October 3, 2001, Wei's application terminated without registration.

    On April 17, 2000, Wei, individually, and as president of Elite, entered into an agreement with the Department to resolve certain deficiencies uncovered in two on-site examinations of Elite. Pursuant to the agreement, Wei was not allowed to act in a supervisory capacity for Benchmark Securities.

    The Department's investigation revealed that between December 1999 and September 2001, Wei made recommendations to at least two (2) Oklahoma residents for the purchase of shares of Ashton stock and warrants, shares of PharmaPrint stock, and/or shares of Micron Electronics stock that were not suitable for said customers. Wei failed to disclose the risks associated with the purchase of these securities. Further, Wei made at least one trade that the customer subsequently claimed was not authorized by the customer. On several

1

occasions, Wei failed to follow his customer's instructions with regard to their investment accounts.

The investigation further revealed that Wei failed to disclose to his customers a consulting arrangement among PharmaPrint, Elite and Wei, and a consulting agreement executed by Ashton Technology Group, Inc. (Ashton) and Wei as the "U.S. Representative" of Tianjin New Hong Cheng Technology & Trading Co., Ltd. (Tianjin), a People's Republic of China (China) corporation owned by Wei's sister. Wei had discretionary authority over the Tianjin investment account(s). Wei did not disclose the consulting agreements to his customers at the time he was recommending and selling Pharmaprint stock and Ashton stock and warrants to such customers.

The investigation further revealed that in 2000, Wei offered and sold an Oklahoma resident an investment evidenced by a "Convertible Note" issued by VICUS.COM, INC. At the time of the transaction, Wei was not registered under the Predecessor Act to transact business in the state of Oklahoma as an agent of a broker-dealer or an issuer. The Convertible Note issued by VICUS.COM, INC. was not registered under the Predecessor Act.

Without admitting or denying the findings by the Administrator, Wei desires to resolve the issues raised in the investigation expeditiously and in a manner consistent with the purposes fairly intended by the policies and provisions of the Act and the Predecessor Act.

**NOW THEREFORE**, the parties agree as follows:

1. **Censure.** Respondent consents to the issuance of a censure (the "Order of Censure") and voluntarily waives his right to notice, hearing and appeal as provided by the Act, the Predecessor Act, the Rules of the Oklahoma Securities Commission and the Administrator of the Department of Securities ("Rules"), and the Oklahoma Administrative Procedures Act, Okla. Stat. *tit.* 75, § 250 *et. seq.*

2. **Prohibition to Conduct Business.** Respondent agrees that subsequent to the execution of this Agreement he shall not request to register as a broker-dealer, broker-dealer agent, investment adviser, investment adviser representative and/or issuer agent under the Act. Respondent further agrees that he shall not transact securities business on behalf of an issuer of securities or as a broker-dealer, broker-dealer agent, investment adviser, investment adviser representative and/or issuer agent in and/or from the state of Oklahoma.

3. **Entire Agreement.** Wei voluntarily consents to the issuance of this Agreement and the Order of Censure and represents that the consent and waivers contained herein are voluntary and given without threat, offer, promise, or inducement of any kind or nature having been made or given by the

2

Department, its staff, the Administrator, or the Oklahoma Securities Commission. Other than the Order of Censure, this writing constitutes the entire agreement of the parties with respect to the subject matter hereof and supersedes any and all prior and contemporaneous agreements, representations and understandings of the parties. No supplement, modification or amendment to this Agreement shall be binding unless executed in writing by each of the parties hereto.

4. **Limitation on Agreement.** Nothing in this Agreement shall prohibit the Administrator from furnishing information to any other properly constituted agency or authority. In the event any other agency or authority commences an action in connection with information obtained by the Administrator against Respondent, the Administrator may assist in such actions as authorized by law. It is further agreed that the execution of this Agreement does not mean that the Administrator has passed in any way upon the merits or qualifications of, or recommended or given approval to, the transactions to which it relates.

5. **Effective Date.** This Agreement shall be effective as of the date on which it is signed by the Administrator as set forth below his signature hereto.

6. **Consideration.** In consideration for this Agreement, the Administrator will not take further action against Wei in connection with the activities described above provided, however, should Wei fail to comply with the terms of this Agreement in any material respect or if Wei has made any false or misleading statements to the Department in connection with this matter, the Department will initiate action against Wei as authorized by the Act and/or the Predecessor Act.

7. **Applicability.** This Agreement applies only to the activities of Wei and to no others.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date and year set forth below their signatures hereto.

Benjamin Wei

_____

Date: _____

OKLAHOMA DEPARTMENT OF SECURITIES:

By: _____
Irving L. Faught, Administrator

Date: __JULY 13, 2005__

3

01009

**STATE OF OKLAHOMA**
**DEPARTMENT OF SECURITIES**
**THE FIRST NATIONAL CENTER, SUITE 860**
**120 NORTH ROBINSON**
**OKLAHOMA CITY, OKLAHOMA 73102**



FILED
JUL 13 2005
by the Administrator

In the Matter of:

Benjamin Wei,

        Respondent.              ODS File No. 02-166

## ORDER OF CENSURE

The Oklahoma Department of Securities (Department) conducted an investigation into the activities of the named Respondent pursuant to the Oklahoma Uniform Securities Act of 2004 (Act), Okla. Stat. tit. 71, §§ 1-101 through 1-701 (Supp. 2003), and the Oklahoma Securities Act (Predecessor Act), Okla. Stat. tit. 71, §§ 1-413, 501, 701-703 (2001 and Supp. 2003).

In order to resolve the issues raised in connection with the Department's investigation, Respondent voluntarily executed the Agreement that is attached hereto as Exhibit "A" and incorporated herein by reference and consented to the issuance of this Order.

**IT IS HEREBY ORDERED THAT** Benjamin Wei is censured for violations of Sections 101, 201 and 301 of the Predecessor Act, and 660:10-7-42 and 660-10-5-42 of the Rules of the Oklahoma Securities Commission and the Administrator of the Department of Securities.

Witness my Hand and the Official Seal of the Oklahoma Department of Securities this 13th day of July, 2005.

(SEAL)

IRVING L. FAUGHT, ADMINISTRATOR
OF THE OKLAHOMA DEPARTMENT OF SECURITIES

01010

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 13th day of July, 2005, a true and correct copy of the above and foregoing Agreement and Order of Censure was mailed to:

Richard J. Babnick, Jr., Esq.
Sichenzia Ross Friedman Ference L.L.P.
1065 Avenue of the Americas, 21st Floor
New York, New York 10018

*Brenda London*
Brenda London
Paralegal

01011