# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

HANNA BOUVENG,

                            Plaintiff,                  PLAINTIFF HANNA
                                                         BOUVENG'S RESPONSE

-against-                                           TO DEFENDANT'S FIRST
                                                          INTERROGATORIES

NYG CAPITAL, LLC, d/b/a NEW YORK           Civil Action No.: 14-cv-5474
GLOBAL GROUP, et al,

                              Defendants.

------------------------------------------------------------X

## PLAINTIFF HANNA BOUVENG'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Hanna Bouveng responds and objects to Defendant NYG Capital, LLC, d/b/a New York Global Group; FNL Media, LLC, and Benjamin Wey's First Interrogatories as set forth below. Plaintiff's responses reflect her present knowledge. Plaintiff reserves the right to amend and/or supplement these responses in the future in accordance with F.R.C.P. 26(e)(2) as necessary or appropriate.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiff objects to the Instructions and Definitions to the extent they seek to impose obligations concerning supplementary responses that go beyond the provisions and requirements of the Federal Rules of Civil Procedure, and to the extent that they seek to require the production of documents protected by the attorney-client privilege and/or work product doctrine.

employment by Wey, NYG, or FNL, to the best of Plaintiff's recollection those persons include: Nils Sundqvist, Fredrik Sundqvist, Oskar Bouveng, Helena Bouveng, Jessika Bouveng, Chemme Koluman, Nina Chelidze, Sophie Darsot, Yoni Weiss, Alicia Lu, Alex Gekko, Ned Hepburn, Daniel Koluman, Andres Koluman, James Chauvet, Eri Okada, Simon Stromberg, Elin Ericsson Morgonskiftet, Kelly Kopchik, John Bostany, Peter Byrnes, Anrike Piel, Antonia Sevcenco, Levi McCathern, Adam S. Olsen, Mirjam Bayoumi, Congressman Joseph Crowley, William Samedy, Ornel Karaj, Amanda J. Bostrom, Jiri Holasek, Christofer VonWachenfelt, Ruthie Hunt, Alex Geana, Rebecca Horn, Julia Tiedt, Nicole Gallub, Jill Wolfe, Johan Nilsson, Allan Klotz, Lars Forseth, Vigdis Eriksen, Charlotte Brandin, Sindre Otnes Skogen, Pontus Blomberg, Michael Starck, Matthew Abisch, "Fancy Alexandersson" (research is ongoing), Talman Harris – one of Plaintiff's supervisors New York, NY, Jenna Lipkin, Erika Mendez, Sam Norval, Södermalmspolisen officer Jonas Wilhelmsson, Södermalmspolisen officer Max "Doe" (research is ongoing), and Södermalmspolisen Inspektör Irene Ståhl. Plaintiff will submit a supplemental Rule 26 Disclosure for these individuals.

2.      Identify any persons, other than your attorneys, with whom you have communicated concerning the alleged sexual nature of your relationship with Wey.

**RESPONSE:** *See* objection No. 6. Notwithstanding the foregoing, to the best of Plaintiff's recollection, she has communicated concerning the sexual nature of her relationship with Wey with: Chemme Koluman, Södermalmspolisen officer Jonas Wilhelmsson, Södermalmspolisen officer Max "Doe" (research is ongoing) –   +46 10 563 39 10, Södermalmspolisen Inspektör Irene Stahl - +46 81 14 14, and Nils Sundqvist.

3.      Identify any persons, other than your attorneys, with whom you have communicated concerning sharing the proceeds of this action.

**RESPONSE:** *See* Objection Nos. 1, 4, 5 and 6. Notwithstanding the foregoing, Plaintiff also objects

to the use of the word "proceeds" in this context. To the extent Defendants are asking Plaintiff to identify any persons, other than her attorneys, with whom she has communicated concerning sharing any eventual settlement awarded to her as a result of this action, Plaintiff has communicated with her father Nils Sundqvist and brother Oskar Bouveng about donating part or all of any eventual settlement of this action to charity.

4. Identify any documents concerning or communications with NYG, Wey or FNL, including any emails, voicemails, text messages, postings on Facebook, Twitter, Instagram or other social media account, that have been deleted.

**RESPONSE:** *See* Objection Nos. 1, 2, 3, 4, 5, 6, and 7. Notwithstanding the foregoing, Plaintiff has not deleted any emails or other types of social media messages concerning this action.

5. Identify any persons who were present at any juncture of your trip to Babson College with Wey in November 2013.

**RESPONSE:** *See* Objection Nos. 1, 6 and 7. Notwithstanding the foregoing, to the best of Plaintiff's recollection, Nina Chelidze.

6. Describe any gifts, including without limitation, any article of clothing (by type, color, brand and other identifying information) that Wey allegedly purchased for you.

**RESPONSE:** *See* Objection Nos. 1, 4, and 7. Notwithstanding the foregoing, Plaintiff does not understand what is meant by the term 'gift'. To the extent that Defendants are asking what items Defendant purchased for Plaintiff, regardless of whether they were presented to Plaintiff as a bonus for projects she had completed during the course of her employment at NYG or simply as gifts, to the best of Plaintiff's recollection, Defendant Wey purchased the following gifts for Plaintiff: A dress by Hugo Boss; a skirt by Hugo Boss; a dress by Tiger of Sweden; several Prada handbags; a pair of Gucci boots;