```
-------------------------------------------------------------------X
HANNA BOUVENG,                                      Case No. 14-CV-5474 (PGG)


       Plaintiff,                                   PLAINTIFF'S OPPOSITION
                                                    TO DEFENDANTS'
               - against -                          MOTION FOR SUMMARY
                                                    JUDGEMENT

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL
GROUP, NYG CAPITAL LLC d/b/a FNL MEDIA
LLC, and BENJAMIN WEY,

       Defendants.
-------------------------------------------------------------------X
```

During the course of this litigation, Defendants New York Global Group ("NYGG"), FNL Media and Benjamin Wey have steadfastly maintained that their ongoing campaign of retaliation against Plaintiff Hanna Bouveng is a rational response to the detail and specificity of Plaintiff's lengthy Complaint.   In so doing, Defendants have insisted Plaintiff should have written a formulaic notice complaint.

Conversely, Defendants now Move to Require Plaintiff to provide an even more detailed statement or Complaint identifying each and every instance of defamation perpetrated by them, and each and every instance of retaliation.   In the alternative, Defendants' seek Summary Judgment of those claims. However, Defendants' request is neither warranted by the circumstances or the law.

For the reasons set forth below, Defendants' Motion should be denied.

1

**Defamation**

While Defendants contend Plaintiff's Complaint is too detailed regarding Wey's *quid pro quo* sexual harassment, they argue that the Complaint is not detailed enough when it comes to Defendants' defamation.  This is so despite the fact that Plaintiff's Second Amended Complaint reprints many of Defendants' defamatory emails, messages and postings1, and further articulates the author, date, forum, intended audience and defamatory nature of those statements.  Nevertheless, Defendants want more.

Defendants' request that Plaintiff continuously identify each and every defamatory statement made by Defendants is particularly onerous, and comes with particular ill grace, not only because the defamation is ongoing and copious, but also because during the scope of discovery Defendants have failed to independently produce *any* articles from their publication TheBlot Magazine aside from copies of those articles already produced by Plaintiff.  Defendants have further failed to produce in discovery the meta data that would demonstrate how many times and on what dates each defamatory/retaliatory article appeared.  Indeed, Plaintiff was prepared to file a Motion for Sanctions concerning the same but have refrained in a good faith effort to negotiate a solution.

Defendants' request is also misguided.  Plaintiff is not required to make legal conclusions regarding the defamatory nature of Defendants' statements, nor separate out which parts of long statements are specifically defamatory, so long as she alleges that the statements taken as a whole are defamatory.  *See* Condit v. Dunne, 225 FRD 100, 111 (SDNY 2004) (*citations omitted*) (*plaintiff did not have to specifically identify defamatory statements contained in long transcript*); Condit v. Dunne, 317 FSupp2d 344, 368 (SDNY 2004.)  "Rather, the finder of fact will determine whether the statements, taken as a whole, and in context, constitute slander."  Condit, supra, 225 FRD at 112 (*citation omitted.*)  *See also,* Albin v.

---

1 Moreover, Plaintiff identified more of Defendants' defamation in her subsequent requests for protective relief.

Cosmetics Plus N.Y., Ltd., No. 97 Civ. 2670, 1997 WL 615494 at 3 (SDNY Oct. 6, 1997) *(denying motion to dismiss defamation complaint even though plaintiff omitted the exact allegedly defamatory words)*; Biro v. Conde Nast, 883 FSupp2d 441, 456 (SDNY 2012)(*FRCP 8 does not require the particularized pleadings of New York's CPLR for defamation claims*.)   So too at bar.

In the instant case, Plaintiff's Complaint adequately identifies Defendants' defamatory statements, as do the Motions subsequently filed by Plaintiff in her attempts to stop Defendants' ongoing retaliation and defamation.   Following Ms. Bouveng's termination and throughout the course of this litigation, Defendants have falsely labeled Ms. Bouveng as: unchaste (e.g, a prostitute, streetwalker, and massage parlor worker who trades sex for drugs and money); a carrier of a loathsome disease (e.g., AIDS, an STD); engaged in criminal activity (e.g., a drug trafficker, blackmailer, extortionist, and fugitive from the United States); and unfit for her former profession (e.g., a Swedish party girl, alcoholic and drug addict.)   These defamatory statements constitute defamation *per se*.   Stern v. Cosby, 645 FSupp2d 258, 288 (SDNY 2009) (*citation omitted*); Torain v. Clear Channel Broad., Inc., 651 FSupp2d 125, 152 (SDNY 2009) (*statements about plaintiff's past sexual conduct, including calling her "slut" and "whore," can give rise to per se liability for defamation, thus obviating need to prove special damages)*; Walia v. Vivek Purmasir & Associates, Inc., 160 FSupp2d 380, 394 (EDNY 2000) (*statements referring to plaintiff as "whore" and "slut" constitute defamation per se as they impute unchastity to plaintiff*); Campanella v. Cnty. of Monroe, 853 F.Supp.2d 364, 371 (WDNY 2012) (*under New York law, words such as "blackmailer" and "aider and abettor" are per se defamatory if they "import criminal activity"*); Long v. Marubeni America Corp., 406 F.Supp.2d 285 (SDNY 2005)(*companywide email referencing employee's civil rights complaint as extortion constitutes viable defamation claim*.)

Moreover, under New York law, libel *per se* is not limited to the four categories of slander *per se*

3

since certain written statements are "so clearly damaging" to the individual's reputation that "the law presumes that the plaintiff has suffered damages."  Stern, supra, 645 FSupp2d at 289-290; Public Relations Society of America, Inc. v. Road Runner High Speed Online, 799 NYS2d 847, 851 (Sup.Ct.NY.Co. 2005.)   Thus a written statement is libelous *per se* if it "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace," or where it tends to "induce an evil opinion of [plaintiff] in the minds of right-thinking persons, and to deprive [plaintiff] of their friendly intercourse in society.")  Id.; Roth v. United Federation of Teachers, 787 NYS2d 603, 608 (Sup.Ct.KingsCo. 2004.)

Libel *per se* includes false allegations of alcoholism against a former employee, Sadowy v. Sony Corp. of Am., 496 FSupp 1071, 1078 (SDNY 1980) (*statements made during electronics trade show to another member of the profession concerning plaintiff, who had recently been fired, to the effect that plaintiff was an alcoholic, among other things, could constitute libel per se where intent to disparage is shown*); and false allegations of illegal drug use, D'Lima v. Cuba Mem'l Hosp., Inc., 833 FSupp2d 383, 390 (WDNY 2011) (*defendants' communication with third-parties regarding dentist's purported cocaine use alleges slander per se.*)   So too at bar.

Accordingly, Defendants' Motion should be denied.

### **Retaliation**

Ms. Bouveng alleges that she has been subjected to unlawful retaliation ever since her counsel sent a letter of representation to Defendants on April 29, 2014.

Defendants' retaliation include Wey's threats, intimidation and harassment of Ms. Bouveng and her family, friends, acquaintances, lawyers and prospective witnesses in this case.   This retaliation includes Defendants' tarnishing Ms. Bouveng's reputation and destroying her chances of future employment on Wall Street.   And this retaliation includes Wey's stalking of Ms. Bouveng in Sweden.

4

These allegations are clearly set forth in Plaintiff's Second Amended Complaint, and have been the subject of Motions subsequently filed by Plaintiff in an attempt to stop the same.

Contrary to Defendants' assertion, Plaintiff does not have to identify Defendants' retaliatory conduct with any more specificity than that already alleged in the Complaint.  Defendants Motion is bereft of any legal authority mandating that Plaintiff do so because no such case law exists.

As it stands, Plaintiff has adequately alleged her retaliation claims.   First, Title VII's, NYSHRL's and NYCHRL's anti-retaliation provisions protect both *former* and current employees from retaliation.  Robinson v. Shell Oil Co., 519 U.S. 337, 345 (1997.)2   Plaintiff alleges that she was subjected to unlawful retaliation after her firing.

Second, to establish a *prima facie* case of retaliation, plaintiff must show that the retaliatory action effected either their current employment or future employment prospects.  Ginsberg v. Valhalla Anesthesia Assocs., P.C., 971 F.Supp. 144, 148 (SDNY1997) (*"[T]here must be some impact on plaintiff's employment or prospective employment for [the alleged retaliation] to constitute an 'employment action'"*); Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997)(*ADEA, like Title VII, "protects individuals from actions [that are] injurious to current employment or the ability to secure future employment."*)   Plaintiff alleges that after her firing, Defendants revoked their sponsorship of her visa, and engaged in a public campaign to impugn her integrity and soil her reputation.

Third, actions that diminish future employment prospects by damaging one's reputation are actionable as retaliation.  *See* Wanamaker, supra, 108 F.3d at 466 (*a retaliation claim can be maintained where a former employer sullies plaintiff's reputation, thereby impacting "tangible future employment objectives"*); Silver v. Mohasco Corp., 602 F.2d 1083, 1090 (2d Cir. 1979)(*post-employment blacklisting*

---

2  "Claims brought under the New York City and New York State Human Rights Laws are evaluated under the same framework used to assess Title VII claims."  Dooner v. Keefe, Bruyette & Woods, Inc., 157 F. Supp. 2d 265, 281 (S.D.N.Y. 2001) (*citation omitted*) (*plaintiff sufficiently stated claim for retaliation under both New York City and New York State Human Rights Laws.*)

falls within scope of Title VII's retaliatory provisions); Gonzalez v. Bratton, 147 F.Supp.2d 180, 196 (SDNY 2001) ("*retaliatory conduct that would naturally create major obstacles for a former employee in obtaining future employment in her field is actionable under [Title VII]*"); Pantchenko v. C.B. Dolge Co., Inc., 581 F.2d 1052, 1054–55 (2d Cir.1978); EEOC v. Die Fliedermaus, L.L.C., 77 F.Supp.2d 460, 472 (SDNY 1999) (*public distribution of derogatory flyers in response to filing of EEOC Charge constituted retaliation under Title VII where the flyers could affect plaintiffs' ability to find jobs*); Yankelevitz v. Cornell Univ., 1996 WL 447749 at 5 (SDNY 1996) (*retaliation claim lies where plaintiff "could prove a set of fact[s] to show that defendants' counterclaim mars plaintiff's professional reputation .... [and thus has] an adverse impact on plaintiff's employment prospects.*")   So too at bar.

Accordingly, Defendants' Motion should be denied.

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Require Plaintiff to Identify Defamation Statements and Retaliatory Conduct or for Partial Summary Judgment be denied.

| Dated: | New York, NY<br>May 29, 2015 | MORELLI ALTERS RATNER LLP |
|---|---|---|
| | |   /s/ Martha M. McBrayer<br>Martha M. McBrayer (MM-7097)<br>777 Third Avenue, 31st Floor<br>New York, New York 10017<br>(212) 751-9800<br>Email:   mmcbrayer@morellialters.com |

To:

Glenn Colton
DENTONS US LLP
glenn.colton@dentons.com

Justin M. Sher
SHER TREMONTE LLP
jsher@shertremonte.com
*Attorneys for Defendants*

6