USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/15

GARDSPHOS, J

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

HANNA BOUVENG,

               Plaintiff,

               -against-

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL
GROUP, FNL MEDIA LLC, and BENJAMIN
WEY,

               Defendants.

------------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

Docket No. 14-CV-5474 (PGG)

## ii.  TRIAL COUNSEL

**COUNSEL FOR PLAINTIFF:**
David S. Ratner, Esq.  (DSR-7758)
Martha M. McBrayer, Esq.  (MM-7097)
**MORELLI ALTERS RATNER LLP**
777 Third Avenue, 31st Floor
New York, New York 10017
tel:  (212) 751-9800
fax: (212) 751-0046

**COUNSEL FOR DEFENDANT:**

Glenn Colton (GC-2493)
Gary Meyerhoff (GM-8267)
**Dentons US LLP**
1221 Avenue of the Americas, 26th Floor
New York, New York 10020
tel:  (212) 768-6700
fax: (212) 768-6800

and

Justin M. Sher
**Sher Tremonte LLP**
80 Broad Street, 13th Floor
New York, New York 10004
tel:  (212) 202-2600
fax: (212) 202-4156

### iii.  SUBJECT MATTER JURISDICTION

Plaintiff:   Jurisdiction is based upon complete diversity of the parties, pursuant to Title 28 of the United States Code, Section 1332.   Plaintiff contends her damages are in excess of the jurisdictional requisite.   Plaintiff is a resident of Sweden; Wey, NYG Capital LLC d/b/a New York Global Group ("NYGG") and FNL Media are residents of New York.   Jurisdiction is not disputed.

Defendants:   Defendants do not dispute the presence of subject matter jurisdiction. Defendants had included in the pending motion to dismiss an argument that Plaintiff's breach of contract claim (thirteenth cause of action) was without subject matter jurisdiction.   However, Defendants will formally notify the Court by letter that they are withdrawing that argument.

### iv.  CLAIMS/DEFENSES TO BE TRIED

Plaintiff:

Plaintiff Hanna Bouveng alleges that during her employment with Defendants NYGG and FNL Media, she was subjected to gender discrimination, a sexually hostile work environment and *quid pro quo* sexual harassment by the company's highest-ranking supervisor, Defendant Benjamin Wey, in violation of NYSHRL and NYCHRL.

Ms. Bouveng alleges Mr. Wey sexually harassed, assaulted and battered her, and intentionally inflicted emotional distress upon her, in his capacity as CEO of NYGG and Publisher of FNL Media's on-line magazine, TheBlot.

Ms. Bouveng further alleges that Defendant Wey, as NYGG's CEO and FNL Media's Publisher, has subjected her to ongoing retaliation for her refusal to submit to his sexual advances and for her pursuit of this lawsuit, in violation of NYSHRL and NYCHRL.   Ms. Bouveng alleges that this retaliation not only led to her subjection to unwarranted disciplinary treatment, the demotion of her duties, the termination of her employment, and her eviction from her apartment, but also culminated in ongoing harassment by Mr. Wey, including his stalking of her on-line and in Sweden, as well as other means of intimidation and harassment by Mr. Wey of Ms. Bouveng, her family, her friends, her associates and her lawyers.

Ms. Bouveng also alleges that Wey has repeatedly defamed her via FNL Media's digital on-line magazine TheBlot, falsely labeling her as an alcoholic, a drug addict, a prostitute, an extortionist and a fugitive from the United States.

Ms. Bouveng alleges that during her employment, Defendants NYGG and FNL Media also subjected her to gender discrimination, a sexually hostile work environment, and retaliation, in violation of NYCHRL and NYSHRL, as well as defamation, and are responsible for Wey's *quid pro quo* sexual harassment, retaliation and personal torts that were perpetrated in his capacity as CEO and Publisher.

Finally, Ms. Bouveng alleges that Defendants breached the August 28, 2014 Agreement intended to stop Defendants from further harassing and defaming Plaintiff, her family, her friends and her lawyers by publishing matters prohibited in the Agreement every day since October 4, 2014.

Plaintiff has voluntarily dismissed her claims for Stalking and Harassment as those claims are incorporated by her Intentional Infliction of Emotional Distress and Assault claims.

The legal arguments previously made by Plaintiff in her Opposition to Defendants' Motion to Dismiss and in her motions for injunctive relief are incorporated by reference herein.

Defendants:

Defendants deny plaintiff's allegations above.    That said, at the time of this filing, Defendants' motion to dismiss is pending and, accordingly,    Defendants have not yet served an answer.    Thus, no defenses or counterclaims have yet to be asserted.    Defendants will supplement this submission after they assert their defenses and counterclaims.

## v.  DAMAGES

Plaintiff alleges that as a consequence of Defendants' conduct, she has suffered fear of imminent harm, physical injury and severe emotional distress.    Plaintiff maintains she is entitled to compensatory damages of $25 million for each cause of action, as well as punitive damages of $50 million for each of those causes of action arising under NYC Human Rights law (sexual harassment, sexually hostile work environment, gender discrimination and retaliation) and under tort common law (assault, battery, intentional infliction of emotional distress and defamation.)

Plaintiff alleges that her compensatory damages are for the emotional distress she suffered as a consequence of Defendant's actions.    This emotional distress includes but is not limited to her distress, anxiety, fear, worry, depression, upset, sleepless disturbance, insomnia, nightmares, headaches, gastrointestinal distress, embarrassment and humiliation.

Plaintiff alleges that as a consequence of Defendants' breach of the August 28, 2014 Agreement intended to stop Defendants' publishing of offensive, defamatory and retaliatory articles, Plaintiff is entitled to liquidated damages of $10,000 for each daily violation since Defendants' initial violation of October 4, 2014, in an amount as of April 16, 2015 totaling $1,940,000.

Plaintiff alleges that she is also entitled to attorneys' fees and costs under NYC Human Rights Law.

Plaintiff also alleges that she is entitled to injunctive relief from the Court to restrain Defendants from further retaliation, harassment and defamation of Ms. Bouveng.

Defendants allege that Plaintiff has not suffered compensable harm, is not entitled to

damages, and has failed to articulate damages as the Court requires in its Individual Rules.

## vi.   TRIAL BY JURY

Plaintiff has requested a trial by jury. Plaintiff anticipates the trial shall take five to seven days.   Defendants will similarly request a trial by jury when they are required to file a responsive pleading.   Defendants anticipate that the trial will take seven to nine trial days.

## vii.   TRIAL BY MAGISTRATE

The parties have not agreed to a trial by magistrate.

## viii.   STIPULATIONS OR AGREED STATEMENTS

1. Hanna Bouveng is a Swedish citizen.

2. Benjamin Wey is the CEO of NYGG.

3. James Baxter is the Chairman and General Counsel of NYGG.

4. Benjamin Wey and James Baxter supervised Ms. Bouveng's work.

5. Yonatan Weiss worked at FNL Media as a graphic designer for TheBlot.

6. Alicia Lu worked at FNL Media as an editor for TheBlot.

7. Hanna Bouveng moved into an apartment, located at 25 Broad Street #8G, on December 1, 2013.

8. Benjamin Wey fired Hanna Bouveng on April 22, 2014.

9. Hanna Bouveng's friend Chemme Koluman came to Ms. Bouveng's apartment on April 22, 2014 while Ms. Bouveng was packing and spoke to Mr. Wey.

10. In August 2014, Benjamin Wey entered the Café in Stockholm where Hanna Bouveng is employed and saw Hanna Bouveng.

**As to Legal Issues:**

11. With respect to Plaintiff's claims for punitive damages, the parties agree that there should be a bifurcation of the trial:   evidence relating to liability, compensatory damages, and the entitlement to punitive damages will take place in the primary phase; after those issues are determined, and if necessary, evidence as to the Defendants' financial condition/net worth and a trial on the amount of punitive damages will take place in a second phase.

12. With respect to Plaintiff's claim for Defamation (twelfth cause of action), the parties agree that because Plaintiff will not be seeking economic damages, and because defamation claims based on statements that do not constitute defamation per se require evidence and proof of special damages (which are economic damages), Plaintiff will need to establish that the statements it claims to be defamatory constitute defamation *per se* under New York law.

13. With respect to Plaintiff's claims under the New York State Human Rights Law and the New York City Human Rights Law, the currently existing eight causes of action in the complaint will be reduced to four with the parties attempting in good faith to agree on jury instructions for those claims. Specifically, the jury will be presented with two claims under the New York State Human Rights Law (sexual harassment and retaliation) and two claims under the New York City Human Rights Law (sexual harassment and retaliation).

## ix. LISTS OF PROSPECTIVE WITNESSES

**Plaintiff:**

1) Hanna Bouveng
2) Benjamin Wey
3) James Baxter
4) Michaela Wey
5) James Chauvet
6) Nils Sundqvist
7) Chemme Koluman
8) Yonatan Weiss
9) Alicia Lu
10) Matthew Abisch
11) Sophie Darsot
12) Nina Chelidze
13) Peter Byrnes
14) William Scholander
15) Talman Harris
16) Jonas Wilhelmsson
17) Carol Wittenberg
18) David Ratner (in the event that the breach of contract cause of action is not severed)
19) Martha McBrayer (in the event that the breach of contract cause of action is not severed)
20) Plaintiff reserves the right to call witnesses listed on Defendants' witness list.

**Defendants:**

1) Baxter, James
2) Bostany, John
3) Bostrom, Amanda
4) Chauvet, James
5) Chelidze, Nina
6) Cruz, Melinda
7) Cuccarro, Mark   (Plaintiff objects to this witness because he was not previously disclosed)[1]
8) Durand, Guy
9) Eriksson, Madeleine
10) Habinsky, Jason (Plaintiff objects to this witness because he was not previously disclosed)
11) Juceam, Jason (Plaintiff objects to this witness because he was not previously disclosed)
12) Kibrik, Alex (Plaintiff objects to this witness because he was not previously disclosed)
13) Larson, Dan
14) Larson, D.A. (Plaintiff objects to this witness because he was not previously disclosed)
15) Norval, Sam
16) Olsen, Adam
17) Salas, Madelynn
18) Sher, Justin (Plaintiff objects to this witness because he was not previously disclosed)
19) Siegal, David (Plaintiff objects to this witness because he was not previously disclosed)
20) Spacher, Daniel
21) Wey, Benjamin
22) Wey, Michaela
23) Ziv, Dr. Barbara
24) Custodian of Records/Witness to explain records of T-Mobile
25) Custodian of Records/Witness to explain records of Crunch
26) Defendants reserve the right to call witnesses listed on plaintiff's witness list

## x.   DESIGNATION OF DEPOSITION EXCERPTS

**Plaintiff's Affirmative Designations:**

1)      March 11, 2015 Deposition Transcript of James Baxter at Pages: 69:, 84, 96-98,

---

1 Defendants disagree with Plaintiff's characterization as to which witnesses were not "previously disclosed." Defendants' decision not to assert objections to Plaintiff's witnesses in this Joint Pre-Trial Order, something not called for by the Court's rules, should not be viewed as a waiver of Defendants' right to object to witnesses Plaintiff may seek to call at trial.

101-102 [Defendants object to lines 97:18-98:2 and 98:16-17.   Also given that specific pages/lines were not provided, defendants reserve the right to further object when and if plaintiff provides further detail].

**Defendants Cross-Designations for the Deposition of James Baxter:**   85:16-86:15; 99:14-101:10;

2)      March 12, 2015 Deposition Transcript of Michaela Wey at: 16:13-17:11; 17:25-18:16; 19:5-19; 19:25-20:2; 20:22:-21:7; **22:15-18; 24:15-21; 25:20-23;** 38:5-18; 41:19-42:5; 42:22-43:12; 45:8-20; 48:6-18; 49:2-25; 50:25-51:10; 51:17-52:18; 53:1-55:8; **55:18-22;** 56:5-57:3; **57:17-58:15** (defendants object to **58:8-15**); 61:17-25; **63:12-18;** 64:9-65:13; **65:22-66:4** (defendants note that 66:3 should be removed); 66:21-68:16; 69:9-71:4; **72:1-73:13; 73:24-74:19; 75:1-75:24;** 76:9-19; 77:21-81:16; 83:24-84:4; 86:11-89:19; 90:16-94:11; 95:15-96:8; 111:109:11-15, **111:6-112:22; 113:10-21;** 114:12-115:1; 115:25-116:13; 117:7-118:3 (defendants note that line **117:22** should be removed); 118:12-17; **119:17-25; 120:21-121:1; 121:25-122:4;** 127:22.   [Defendants object to all portions plaintiff designated that appear in bolded red above unless some lesser portion is specifically objected to by page and line number]

**Defendants' Cross Designations for the deposition of Michaela Wey:**

| Witness | Line Designations |
|---|---|
| Wey, Michaela | 8:13-25 |
| | 10:7-11:23 |
| | 12:2-4 |
| | 13:1-14:6 |
| | 14:16-19 |
| | 16:24-17:11 |
| | 17:13-24 |
| | 18:8-20:7 |
| | 20:19-21:19 |
| | 35:16-36:1 |
| | 36:24-37:9 |
| | 38:5-40:4 |
| | 41:19-42:10 |
| | 43:13-46:12 |
| | 46:25-48:1 |
| | 48:10-18 |
| | 49:2-3 |
| | 49:7-51:10 |
| | 51:17-54:24 |
| | 55:18-20 |
| | 55:22-56:4 |
| | 56:16-57:13 |
| | 57:17-58:3 |

| Witness | Line Designations |
|---|---|
| | 59:14-22 |
| | 60:8-20 |
| | 60:25-61:3 |
| | 65:14-24 |
| | 68:5-16 |
| | 69:9-71:4 |
| | 76:9-79:6 |
| | 84:5-8 |
| | 84:10-85:1 |
| | 85:13-19 |
| | 85:21-24 |
| | 86:1-87:20 |
| | 89:3-10 |
| | 90:8-91:9 |
| | 94:12-95:8 |
| | 95:15-22 |
| | 97:13-99:15 |
| | 99:20-100:4 |

3)     April 6, 2015 Deposition Transcript of Madeleine Eriksson at: 7:10-18; 9:12-22; 11:-20-12:1013:17-22; 14:17-15:24; 16:11-17:18; 18:12-20:9; **24:3-25:21 (defendants object to 25:19-21)**; **26:6-27:21 (defendants object to 26:6-15)**; 28:7-29:24; 31:23-32:9; 32:16-34:20; **36:16-20**; **37:6-17**; **38:20-39:25**; 41:8-19; 42:8-14, 20-43:23; 44:10-45:1; 45:22-46:4; 47:14-48:15; 48:24-49:17; 49:24-51:13, 22-23; 53:24-54:6; 55:3-5; 55:10-58:6; 58:20-59:15; **60:14-62:2**; **63:24-64**: **65:5-67:13**; **67:24-69:8, 21-70:7**; **71:13-71:5**; **72:13-73:20**; 74:2-76:14; **76:25-78:8**; **78:15-19, 24-79:4**; **79:12-25**; 80:4-9; 82:15-21; **83:14-86:19**; **87:24-90:19 (defendants object to 87:24-88:14)**; 91:11-12; 92:8-17; **94:10-16**; 97:9-23; 99:20-24; 101:20-102:7; **103:17-22**; 105:5-9.     [Defendants object to all portions plaintiff designated that appear in bolded red above unless some lesser portion is specifically objected to by page and line number]

**Defendants' Affirmative Designations[2]:**

| Witness | Line Designations |
|---|---|
| Chauvet, James | 8:11-14 |
| | 13:23-14:21 |
| | 14:24-20:17 |
| | 21:2-20 |
| | 21:24-22:24 |
| | 23:20-24:9 |
| | 24:22-27:5 |
| | 28:24-29:18 |
| | 29:23-25 |
| | 30:4-22 |
| | 30:25-31:3 |
| | 31:23-25 |
| | 32:7-19 |
| | 34:6-11 |
| | 34:21-37:16 |
| | 42:12-43:3 |
| | 44:25-45:15 |
| | 47:10-49:25 |
| | 50:19-51:11 |
| | 52:8-20 |
| | 52:23-53:8 |
| | 53:24-54:12 |
| | 54:16 |
| | 54:19-55:18 |
| | 55:21-56:8 |
| | 58:22-59:2 |
| | 59:5-9 |
| | 61:12-17 |
| | 61:22-62:7 |
| | 62:13-66:20 |
| | 76:10-17 |
| | 77:10-25 |
| | 78:9-22 |
| | 78:25-79:18 |
| | 81:11-13 |
| | 81:24-82:22 |
| | 83:7-14 |

2 Defendants reserve the right (a) to elect not to introduce some or all of the testimony designated herein, (b) to cross-designate addition testimony from the listed depositions, or from other depositions or hearing testimony, based upon designations made by Plaintiff, and (c) to designate additional testimony from the listed depositions, or from other depositions or hearing testimony, should witnesses under Defendants' control, or Plaintiff, unexpectedly become unavailable to testify live.

| Witness | Line Designations |
|---|---|
| | 83:20-24 |
| | 84:4-5 |
| Eriksson, Madeleine | 6:18-13:13 |
| | 13:17-23:13 |
| | 23:17-25:19 |
| | 26:16-31:3 |
| | 41:7-43:6 |
| | 43:24-45:2 |
| | 45:22-48:18 |
| | 48:21-49:6 |
| | 49:8-23 |
| | 50:21-53:20 |
| | 55:22-58:9 |
| | 58:11-15 |
| | 82:3-12 |
| | 86:25-87:22 |
| Koluman, Chemme | 7:20-8:8 |
| | 8:23-10:24 |
| | 11:3-12:15 |
| | 12:25-14:14 |
| | 16:15-17:5 |
| | 17:16-21:20 |
| | 22:17-23:12 |
| | 23:16-23 |
| | 24:17-26:10 |
| | 26:13-28:13 |
| | 28:17-25 |
| | 29:4-30:2 |
| | 36:24-38:10 |
| | 40:16-41:10 |
| | 42:12-43:4 |
| | 44:4-13 |
| | 54:7-56:3 |
| | 56:7-60:25 |
| | 65:23-68:19 |
| | 69:9-10 |
| | 69:14-21 |
| | 69:24-70:20 |
| | 70:24-71:17 |
| | 73:12-25 |
| | 81:13-82:3 |
| | 84:10-86:17 |
| | 88:12-89:2 |
| | 90:24-92:20 |

| Witness | Line Designations |
|---|---|
| | 93:23-96:4<br>98:17-99:15<br>100:16-101:9<br>103:19-104:15<br>105:14-24<br>110:22-24<br>111:14-113:18<br>113:24-114:8<br>115:3-116:22<br>124:7-125:12<br>142:2-21<br>144:11-145:146:12<br>146:19-22 |
| Lu, Qing (Alicia) | 8:8-19<br>9:11-11:12<br>11:17-21<br>12:3-14:17<br>18:16-19:4<br>19:7-22:20<br>25:24-26:14<br>28:2-29:2<br>42:12-43:21<br>44:2-45:7<br>51:3-54:5<br>57:16-18<br>65:12-66:3<br>66:6<br>67:10-68:20<br>69:18-70:7<br>72:18-73:11<br>79:20-80:3<br>82:7-83:25<br>84:20-86:13<br>88:22-92:16<br>96:9-21<br>99:6-25<br>107:7-108:4<br>112:11-114:23 |
| Sundqvist, Nils | 1.  7:5-14<br>2.  7:24-8:21<br>3.  11:9-22<br>4.  15:8-17:24<br>5.  18:18-22<br>6.  19:12-22 |

| Witness | Line Designations |
|---------|-------------------|
|         | 7.  21:11-22:15 |
|         | 8.  24:3-10 |
|         | 9.  24:17-19 |
|         | 10. 25:7-8 |
|         | 11. 25:11-26:14 |
|         | 12. 26:20-27:7 |
|         | 13. 27:10-14 |
|         | 14. 27:17-28:11 |
|         | 15. 29:9-23 |
|         | 16. 30:4-22 |
|         | 17. 31:5-32:9 |
|         | 18. 32:25-34:4 |
|         | 19. 34:13-35:12 |
|         | 20. 35:23-36:20 |
|         | 21. 36:23 |
|         | 22. 38:17-39:15 |
|         | 23. 41:15-42:18 |
|         | 24. 47:5-14 |
|         | 25. 47:19-22 |
|         | 26. 48:9-13 |
|         | 27. 48:19-23 |
|         | 28. 49:25-53:22 |
|         | 29. 54:13-55:7 |
|         | 30. 55:10-13 |
|         | 31. 55:16-57:19 |
|         | 32. 58:11-59:11 |
|         | 33. 59:18-60:4 |
|         | 34. 60:6-61:20 |
|         | 35. 61:25-62:17 |
|         | 36. 63:13-64:3 |
|         | 37. 64:10-16 |
|         | 38. 64:21-22 |
|         | 39. 65:8-66:15 |
|         | 40. 66:20-67:8 |
|         | 41. 76:3-10 |
|         | 42. 76:21-77:9 |
|         | 43. 77:11-19 |
|         | 44. 77:25-78:14 |
|         | 45. 79:11-80:4 |

| Witness | Line Designations |
|---------|-------------------|
|         | 46. 80:10-17      |
|         | 47. 80:25-81:25   |
|         | 48. 82:22-83:21   |
|         | 49. 83:25-84:4    |
|         | 50. 85:21-87:16   |
|         | 51. 96:8-21       |

Plaintiff has no objection to any of the deposition excerpts, except those which shall be the subject of Plaintiff's motions *in limine*.

## ix.  LISTS OF EXHIBITS

### Plaintiff's Exhibits/Defendants' Objections

| Plaintiff's Exhibit Number | Bates Number | Admit/Object | Reason |
|---|---|---|---|
| 1 | PLTF 01007-01011 | Object | 402, 403, 404, 408, hearsay, IL[3] |
| 2 | DEFS001587-DEFS001592 | Admit | |
| 3 | PLTF 01084-01087 | Admit | |
| 4 | PLTF 01012-01056 | Object | 402, 403, 404, hearsay, IL |
| 5 | PLTF 00930 | Admit | |
| 6 | LCOR 001-047 | Object | 402 (portions), redact personal and financial info, 402, 403 |
| 7 | PLTF 01090-01091 | Object | 402 |
| 8 | DEFS001570 | Admit | |
| 9 | PLTF 00508 | Object | Language |
| 10 | PLTF 00265-00269 | Admit | |
| 11 | PLTF 00164-00172 | Admit | |
| 12 | PLTF 00433-00434 | Admit | |
| 13 | PLTF 00429-00432 | Admit | |
| 14 | PLTF 01139-01143 | Admit | |
| 15 | PLTF 00441-00442 | Admit | |
| 16 | DEFS001537-001555 | Object | Composite |

---

3 Numbers refer to the Federal Rules of Evidence; "IL" refers to a matter Defendants intend to brief as part of a motion *in limine*.

| | | | |
|---|---|---|---|
| | | | disorganized and confusing, 403 |
| 17 | PLTF00063-00064 | Object | Auth/hearsay, completeness |
| 18 | PLTF00065-00069 | Object | Auth/hearsay, completeness |
| 19 | PLTF00383-00384 | Admit | |
| 20 | PLTF00252 | Object | 402, 403, 404, 408, hearsay, IL |
| 21 | DEFS001557-001569 | Admit | |
| 22 | PLTF00255-00264 | Admit | |
| 23 | LCOR048 | Object | Auth/hearsay, 402, 403 |
| 24 | PLTF00386-00387 | Admit | |
| 25 | DBP 000001-000015 | Object | Auth/hearsay, relevance |
| 26 | DEFS001029 | Admit | |
| 27 | PLTF01773-01807 | Object | Auth., accuracy, transcript not evid. |
| 27A | Recording | Object | Auth., completeness |
| 28 | PLTF00246-00249 | Admit | |
| 29 | PLTF00004-00007 | Object | Auth./hearsay, completeness |
| 30 | PLTF00250-00251 | Admit | |
| 31 | PLTF00302-00304 | Admit | |
| 32 | PLTF00317-00319 | Object | Auth./hearsay, completeness |
| 33 | PLTF00320-00322 | Object | Auth./hearsay, completeness |
| 34 | PLTF00325-00347 | Admit | |
| 35 | PLTF00361-00374 | Admit | |
| 36 | PLTF00348-00360 | Admit | |
| 37 | PLTF00132-00144 | Object | Auth./hearsay, completeness |
| 38 | PLTF00180-00191 | Admit | |
| 39 | PLTF01145 | Object | Auth./hearsay, transcripts not evid. |
| 40 | DEFS001571-001572 | Admit | |
| 41 | PLTF01146-01150 | Admit | |
| 42 | PLTF00275-00282 | Admit | |
| 43 | PLTF00288-00289 | Admit | |
| 44 | PLTF00283-00287 | Admit | |
| 45 | PLTF00272-00274 | Admit | |
| 46 | PLTF00177-00179 | Admit | |
| 47 | PLTF00948-00950 | Object | Auth./hearsay, |

| | | | completeness |
|---|---|---|---|
| 48 | PLTF00951-00952 | Object | Auth./hearsay, completeness |
| 49 | PLTF01164 | Object | Auth./hearsay, completeness |
| 50 | PLTF01165 | Object | Auth./hearsay, completeness |
| 51 | PLTF00960-00970 | Object | Auth./hearsay, completeness, 403, IL |
| 52 | PLTF01167 | Object | Auth./hearsay, completeness |
| 53 | PLTF00011-00013 | Object | Auth./hearsay, completeness |
| 54 | PLTF00168 | Object | Auth./hearsay, completeness, 403, IL |
| 55 | PLTF01865-1900 | Object | 402, 403, 404, hearsay, IL |
| 56 | PLTF00975-00989 | Object | 402, or admit w/ limiting instruction |
| 57 | PLTF01191-01249 | Object | Auth./hearsay, completeness |
| 58 | PLTF01250 | Object | Auth./hearsay, completeness |
| 59 | PLTF00106-00107 | Object | Auth./hearsay, completeness, language |
| 60 | PLTF00990-00997 | Object | 402, or admit w/ limiting instruction |
| 61 | DEFS002584-002592 | Object | 402, or admit w/ limiting instruction |
| 62 | DEFS002562-002566 | Object | Auth./hearsay, completeness |
| 63 | PLTF01254-01268 | Object | 402, or admit w/ limiting instruction |
| 64 | DEFS002436-DEFS002445 | Object | 402, or admit w/ limiting instruction |
| 65 | PLTF01272-01275 | Object | Auth./hearsay, completeness |
| 66 | PLTF01278-01293 | Object | 402, or admit w/ limiting instruction |
| 67 | PLTF00923-00924 | Object | Auth./hearsay, completeness, 402 |
| 68 | PLTF01331-01343 | Admit | |
| 69 | DEFS002546-002552 | Object | 402, or admit w/ |

| | | | limiting instruction |
|---|---|---|---|
| 70 | PLTF01344-01350 | Object | Auth./hearsay, completeness |
| 71 | PLTF01351-01358 | Object | 402, or admit w/ limiting instruction |
| 72 | PLTF01359-01363 | Object | Auth./hearsay, completeness, 402 |
| 73 | DEFS002553-002561 | Object | 402, or admit w/ limiting instruction |
| 74 | PLTF00446-00449 | Object | Auth./hearsay, completeness, 402, language |
| 75 | PLTF01364-01370 | Object | Auth./hearsay, completeness, 402 |
| 76 | DEFS002532-002545 | Object | 402, or admit w/ limiting instruction |
| 77 | DEFS002636-002653 | Object | 402, or admit w/ limiting instruction |
| 78 | DEFS000723-000724 | Admit | |
| 79 | PLTF00443-00445, 01057-01059 | Object | Auth./hearsay, completeness, 402, language |
| 80 | PLTF01407 | Object | Auth./hearsay, completeness, 402 |
| 81 | PLTF01408-01425 | Object | Auth./hearsay, completeness |
| 82 | PLTF01426-01450 | Object | Auth./hearsay, completeness |
| 83 | PLTF01451-01479 | Object | 402, or admit w/ limiting instruction |
| 84 | PLTF01480-01498 | Object | Auth./hearsay, completeness |
| 85 | PLTF01499-01531 | Object | Auth./hearsay, completeness |
| 86 | PLTF01532-01556 | Object | 402, or admit w/ limiting instruction |
| 87 | PLTF01557-01587 | Object | 402, or admit w/ limiting instruction |
| 88 | PLTF01588-01597 | Object | 402, or admit w/ limiting instruction |
| 89 | PLTF01598 | Object | Auth./hearsay, completeness |
| 90 | DEFS002487-002500 | Object | 402, or admit w/ limiting instruction |
| 91 | DEFS002501-002508 | Object | 402, or admit w/ limiting instruction |

| | | | |
|---|---|---|---|
| 92 | PLTF00470-00474 | Object | Auth./hearsay, completeness, 402 |
| 93 | DEFS002509-002531 | Object | 402, or admit w/ limiting instruction |
| 94 | PLTF01599-01609 | Object | 402, or admit w/ limiting instruction |
| 95 | PLTF01610-01648 | Object | 402, or admit w/ limiting instruction |
| 96 | PLTF01649-01670 | Object | 402, or admit w/ limiting instruction |
| 97 | PLTF01671-01694 | Object | 402, or admit w/ limiting instruction |
| 98 | PLTF01695-01729 | Object | 402, or admit w/ limiting instruction |
| 99 | PLTF01070-01083 | Object | 402, 403, 404, hearsay, IL |
| 100 | PLTF01736-01772 | Object | 402, or admit w/ limiting instruction |
| 101 | PLTF01125-01126 | Object | Auth./hearsay, completeness, 402 |
| 102 | DEFS003370-003374 | Object | Auth./hearsay, completeness, 402, language |
| 103 | DEFS001496-001500 | Object | Auth./hearsay, completeness, 402 |
| 104 | PLTF01864 | Object | 402, 403, 404, hearsay, IL, transcript not evid. |
| 104A | Video | Object | 402, 403, 404, hearsay, IL |
| 105 | PLTF00475-00480 | Object | Auth., accuracy, transcript not evid. |
| 105A | Recording Part 1 | Object | Auth., completeness |
| 105B | Recording Part 2 | Object | Auth., completeness |
| 106 | PLTF00088 | Object | 402, auth. |
| 107 | PLTF00108-00109 | Object | Auth./hearsay, completeness |
| 108 | PLTF00456-00461 | Object | Auth./hearsay, completeness |
| 109 | PLTF01865-01866 | Object | Auth |
| 110 | Video | Object | |
| 111 | PLTF01868-01878 | Object | 402, 403, 404, 408, hearsay, IL |
| 112 | DEFS0033339 | Admit | Auth/402, 403, completeness |

**Defendants' Exhibits/Plaintiff's Objections**

| Exhibit Letter | Bates Range | Admit/Object | Reason |
|---|---|---|---|
| A | DEFS000002 | Object | Relevance |
| B | DEFS000005 | Object | Relevance |
| C | DEFS000012-000014 | Object | Authenticity, Relevance |
| D | DEFS000033, DEFS000035, DEFS000040, DEFS000042, DEFS000044, DEFS000046 | Object | Relevance |
| E | DEFS000047 | Object | Relevance |
| F | DEFS000063 | Object | Relevance |
| G | DEFS000072 | Admit | |
| H | DEFS000076 | Object | Relevance |
| I | DEFS000085-000086 | Object | Relevance |
| J | DEFS000099 | Object | Relevance |
| K | DEFS000100 | Object | Relevance |
| L | DEFS000101 | Object | Relevance |
| M | DEFS000105 | Object | Relevance, Not Exchanged |
| N | DEFS00129 | Object | Not exchanged |
| O | DEFS000142 | Object | Relevance |
| P | DEFS000589 | Object | Relevance |
| Q | DEFS000613-000618 | Object | Relevance |
| R | DEFS000639-000640 | Admit | |
| S | DEFS000723-000724 | Admit | |
| T | DEFS000734-000752 | Object | Relevance |
| U | DEFS000892 | Object | Relevance |

| Exhibit Letter | Bates Range | Admit/Object | Reason |
|---|---|---|---|
| V | DEFS000910 | Object | Relevance |
| W | DEFS001022-001028 | Admit | |
| X | DEFS001042-001043 | Admit | |
| Y | DEFS001101 | Admit | |
| Y-1 | Unstamped version of DEFS001101 | Admit | |
| Z | DEFS001167 | Object | Relevance |
| AA | DEFS001178 | Object | Relevance |
| AB | DEFS001216 | Object | Relevance |
| AC | DEFS001250 | Object | Relevance |
| AD | DEFS001349-001350 | Object | Relevance |
| AE | DEFS001380-001381 | Object | Relevance |
| AF | DEFS001388-001389 | Object | Relevance |
| AG | DEFS001391 | Object | Relevance |
| AH | DEFS001537-001539 | Admit | |
| AI | DEFS001540 | Admit | |
| AJ | DEFS001542-001544 | Admit | |
| AK | DEFS001546-001551 | Admit | |
| AL | DEFS002326-002335 | Object | Relevance |
| AM | DEFS002341-002344 | Object | Relevance |
| AN | DEFS002350 | Admit | |
| AO | DEFS002354 | Admit | |
| AP | DEFS002356 | Admit | |

| Exhibit Letter | Bates Range | Admit/Object | Reason |
|---|---|---|---|
| AQ | DEFS002357 | Admit | |
| AR | DEFS003213-003214 | Object | Unable to open file |
| AS | DEFS003298-003304 | Object | Relevance |
| AT | DEFS003343 | Object | Relevance |
| AU | DEFS003361-003362 | Object | Relevance |
| AV | DEFS 1st production video | Object | Unable to locate |
| AW | DEFS 1st production video | Object | Unable to locate |
| AX | DEFS 5th production video | Object | Unable to locate |
| AY | DEFS 7th production video | Object | Unable to locate |
| AZ | 00001 | Admit | |
| BA | 00014-00015 | Object | Relevance |
| BB | 00061-00062 | Object | Relevance |
| BC | 00093-00099 | Admit | |
| BD | 00153 | Admit | |
| BE | 00160-00161 | Admit | |
| BF | 00246-00248 | Admit | |
| BG | 00265-00269 | Admit | |
| BH | 00393-00394 | Admit | |
| BI | 00441-00442 | Admit | |
| BJ | 00694-006954 | Object | Relevance |
| BK | 01849-01852 | Admit | |
| BL | 01865-01866 | Admit | |

---

4 Only activity from December 3, 2014 included

| Exhibit Letter | Bates Range | Admit/Object | Reason |
|---|---|---|---|
| BM | LCOR034-035 | Admit | |
| BN | T-Mobile phone records for (917)436-6547 | Object | Relevance |
| BO | Chase bank account records | Object | Relevance |
| BP | CRUNCH000001-000017 | Object | Relevance |
| BQ | Babson College announcement | Object | Relevance |
| BR | Photo | Object | Relevance |
| BS | 11/6/2013 Chain of emails between H. Bouveng, D. Larson and B. Wey | Object | Relevance, Not Previously Produced |
| BT | 12/24/2013 JetBlue travel itinerary | Object | Relevance |
| BU | 1/16/2014 Email from eTickets@amtrak.com to A. Olsen | Object | Relevance |
| BV | 1/24/2014 Email from eTickets@amtrak.com to A. Olsen | Object | Relevance |
| BW | 1/24/2014 Chain of emails between A. Olsen and H. Bouveng | Object | Relevance |
| BX | 2/18/2014 Chain of emails between H. Bouveng, B. Wey and J. Baxter | Admit | |
| BY | 3/6/2014 Chain of emails between A. Olsen and H. Bouveng | Object | Relevance |
| BZ | 9/17/2014 M. McBrayer email to J. Sher | Object | Relevance |
| CA | 9/17/2014 M. McBrayer email to J. Sher | Object | Relevance |
| CB | 9/30/2014 M. McBrayer letter to Judge Gardephe | Object | Relevance |
| CC | 9/30/2014 J. Sher letter to M. McBrayer | Object | Relevance |
| CD | 9/30/2014 M. McBrayer email to J. Sher | Object | Relevance |
| CE | 10/1/2014 M. McBrayer letter to J. Sher | Object | Relevance |

| Exhibit Letter | Bates Range | Admit/Object | Reason |
|---|---|---|---|
| CF | 1/1/2015 Chain of emails between J. Sher and D. Ratner | Object | Relevance |

**SO ORDERED:**

Dated:  New York, New York
~~May 15, 2015~~
         June 11, 2015

_____
Paul G. Gardephe
United States District Court Judge

**CONSENTED TO:**

**MORELLI ALTERS RATNER LLP**
Attorneys for Plaintiff Hanna Bouveng


_____/s/David Ratner_____
By: David Ratner (DR-7758)


**DENTONS US, LLP.**
Attorneys for Defendants NYG Capital LLC d/b/a
New York Global Group, FNL Media LLC and Benjamin Wey


_____/s/ Glenn Colton_____
By:  Glenn Colton (GC-2493)