UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HANNA BOUVENG,

        Plaintiff,

   v.

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL GROUP, FNL MEDIA LLC, and BENJAMIN WEY,

        Defendants.

Case No. 14-CV-5474 (PGG)

# DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED REDACTIONS TO PLAINTIFF'S TRIAL EXHIBITS 61, 63, 64, 85, 87 AND 98

DENTONS US LLP
Glenn Colton
Gary Meyerhoff
1221 Avenue of the Americas
New York, New York 10020
Tel. (212) 768-6700

*Attorneys for Defendants*

At the Court's June 11, 2015 conference the Court presented detailed rulings on whether certain statements in three articles from TheBlot Magazine constitute defamation *per se*. The Court raised the issue of the redactions needed to address the rulings it had been made:

> I will say, and I want the parties to understand, that I have to give enough to the jury so that they have context. I can't limit the alleged defamatory statements that go to the jury just to show words, because it would be incomprehensible. That has to be the guiding principle. There has to be enough meat around the bones so the jury has some sense of what the context was for these statements.

(Tr. p. 43.)

Plaintiff then identified six exhibits that she would seek to introduce into evidence: Exs. 61 (which the Court had ruled on), 63, 64, 85, 87, and 98. Defendants do not object to these being the selected exhibits. There are several remaining disputes, however, about the way in which these exhibits should be redacted. Defendants' concerns are as follows:

**First,** Plaintiff simply refuses to redact a group of statements that she unequivocally conceded to not constitute defamation *per se* based on the Court's rulings. On June 12, 2015, Plaintiff delivered what is now the current version of Plaintiff's list of 327 statements, marked to reflect the parties' agreement on which statements could be admitted as defamation *per se* and which could not, reflected as "deny" in the list. (See June 12 List, Ex. A.)[1] The 11 remaining statements in dispute, brought to the Court's attention on June 12, 2015, are highlighted in yellow. As discussed below, Plaintiff has refused to redact statements she already agreed are in the "deny" category.

**Second,** Plaintiff now refuses to redact pages and pages of material in the "comments" section of each article, even though she withdrew those statements from consideration by the

---

[1] Given time pressure, Defendants attach to this Memorandum directly the June 12 List (Ex. A) and

1

Court. Plaintiff's original June 3, 2015 list of 1800 statements include 348 from the articles' comments sections (*see* Trial Ex. 116, pp. 1972-93). They were all withdrawn in Plaintiff's revised June 7, 2015 list of roughly 500-700 statements (Document 196-2). The withdrawal from consideration is further corroborated by Plaintiff's position on Exs. 61, 76, and 118 in her Supplemental Trial Memorandum of Law (Document 198). Each of those exhibits contain comments, but Plaintiff did not ask for rulings on them.[2]

Defendants' counsel expressly raised this issue with the Court at the June 11 Conference:

> MR. MEYERHOFF: Understood, your Honor. One further point on our efforts to collaborate. I would note that even since we filed our brief, a certain number of additional statements were withdrawn from plaintiff's list. I think there are about 8 or 10 of the 37 that we presented. My assumption, although I haven't confirmed this with plaintiff, is that he will not be seeking to advance ones that are similar to those because we didn't even get a ruling on them. With that clarification, that also might help assist in the job of going through the remaining statements.
>
> THE COURT: Just so the record is clear, I referred to 37, but based on the plaintiff's decision to decide not to pursue a number of those, there are something like 30 that I actually addressed this morning. What about this, Mr. Ratner? Can we assume that with respect to those of the 37 that I did not rule on, they are not in the case anymore?
>
> MR. RATNER: That's correct, your Honor. We would not attempt to sneak in the back door that which we didn't put in through the front.

(Tr., June 11 Conference, pp. 40-41.)[3]

Plaintiff waived her right to have the comments considered to be defamatory statements

---

marked up versions of the exhibits in question (Exs. B through G) for the Court's review.

[2] Defendants were not surprised by the decision to stand down on the comments. Plaintiff already had seen the arguments Defendants had presented to the Court -- that Defendants were immunized from liability for comments posted on TheBlot's website by Section §230 of the Communications Decency Act of 1996, and that comments are ordinarily deemed by the courts to be opinions, and not assertions of fact, as a matter of law. (Defendants' Trial Memorandum of Law, Document __, pp. 13-15).

[3] At the Court's June 8, 2015 telephone conference, Mr. Ratner advised that he was cutting the list of 1800 down to 500-700 statements. Defendants do not have the transcript, but we recall Mr. Ratner admitting that the statements in his revised list would be the only ones "still in play," or words to that effect.

2

in this action. The current effort to have that content included in exhibits to be entered into evidence is precisely what Mr. Ratner said he would not do -- sneak in the back door that which they didn't put in through the front. There is no defensible basis to include this non-actionable material with the articles. It is not necessary to give context to the statements the Court has held to be actionable, would only serve to confuse the jury, and could result in punishment of Defendants for statements that are non-actionable free speech.[4]

**Third,** several of Plaintiff's redactions are made to eliminate content relating to Defendants' motive for publishing the articles: a response to a frivolous and extortionate sexual harassment claim and/or lawsuit. In instructing the parties that "there has to be enough meat around the bones so the jury has some sense of what the context was for these statements," Defendants understood the Court to be referring to its earlier legal findings: that under New York law, the statements at issue on a defamation claim must be viewed in the context of the overall writing. Plaintiff should not be permitted to include in these exhibits the context she self-servingly decides will aid her case, but redact the pieces that support Defendants' contentions about the content, context, tone, and purpose of the articles. Doing so would present a context of the defamatory statements that is incomplete, skewed towards Plaintiff's interests, and accordingly unfairly prejudicial.

## Specific Objections

Defendants have prepared for the Court versions of the exhibits highlighted to reflect the remaining disputes between the parties (Exs. B through G, attached). The material blacked out

---

[4] Plaintiff also chose to self-select the comments she would like to have the jury see and redacts the rest, with no principled legal basis for doing so. If the Court is inclined to consider allowing comments of any kind to be included in the exhibits (and Defendants respectfully contend that it should not), Defendants are entitled to the same opportunity to be heard on the comments as they were provided earlier on the rest of the articles and reserve their right to object to which particular comments can be admitted into evidence.

3

is the material the parties have agreed should be redacted. Highlighted in pink is the material that Defendants contend should also be redacted (but Plaintiff will not agree to do so). Highlighted in green is the material Plaintiff has redacted, but Defendants believe should appear in the exhibit. With these highlighted exhibits in hand, the Court should be able to follow the objections below to understand Defendants' position on each.

**Ex. 61 -- (on which the Court ruled on expressly):**

1) p. 2586: Plaintiff refuses to redact the second paragraph, even though the *entire paragraph* constitutes alleged defamatory statements that the Court rejected or Plaintiff waived. The first sentence (Statement 11) is a statement the Court expressly ruled did not constitute defamation *per se.* (6/11 Tr., p. 26 ("the fifth statement"). The second sentence was in Plaintiff's list of 1800 statements *and* the June 9 list. Defendants addressed it in their brief on the statements (*See* Chart, Ex. D to Brief (Document 197), Statement H.) Plaintiff withdrew that statement from consideration in her opposition brief -- one of the statements that reduced the total number from 43 to 37. These are not defamation *per se* and are unnecessary for context.

2) pp. 2591-92: All comments need to be redacted for the reasons stated above.

**Ex. 63**

3) pp. 1261-68: All comments need to be redacted for the reasons stated above.

**Ex. 64**

4) p. 2437: Plaintiff redacts, from underneath the picture, "Party girl Hanna Bouveng, a 'sexual harassment' accuser who fled America." This is context for the rest of the text on the page that supports Defendants' point on the purpose of the articles. There is no reason to have the picture and not the caption.

5) p. 2442: The whole page needs to be redacted. The links that are left in are not only unnecessary to provide context to the allegedly defamatory statements, but Plaintiff expressly withdrew the material by conceding that Statement 40 was a "deny." (6/12 List, Ex. A.) The first paragraph on the page may be disparaging, but Plaintiff never claimed it to be a statement at issue.

6) p. 2443: Plaintiff leaves unredacted the picture that Plaintiff agrees is not actionable, Statement 17 (6/12 List, Ex. A). This whole page should be redacted.

**Ex. 85**

7) p. 1507: Plaintiff leaves in the top paragraph, two pictures, and captions for no reason. None of this material includes a defamatory statement and neither is needed for context. The whole page should be redacted.

8) p. 1512: Plaintiff refuses to redact a picture of Chauvet and the caption for no reason. It is not actionable and is not needed for context.

9) pp. 1525-31: All comments need to be redacted for the reasons stated above.

**Ex. 87**

10) p. 1577: Plaintiff refuses to redact a stray caption in the middle of a page of redacted material with no basis; it is not an actionable statement and is not needed for context.

11) pp. 1582-87: All comments need to be redacted for the reasons stated above.

**Ex. 98**

12) p. 1709: The whole page should be redacted. Exhibit 98 turned out to be an article where the Court's decision on when a statement involving "extortion" would be an opinion comes into play. Defendants argued that, given the presence of content expressly discussing Plaintiff's sexual harassment lawsuit in this article, the statements involving extortion are non-actionable, *and Plaintiff agreed.*[5] Statement 238, at the bottom of the page, is non-actionable. There is no reason for anything on this page to remain unredacted. d.

13) p. 1711: The top picture and caption should be redacted for the same reason; Plaintiff agreed that Statement 239, concerning extortion, is a "deny."

14) p. 1719: This whole page should be redacted. There is no reason for any of the material to be seen.

15) pp. 1724-29: All comments need to be redacted for the reasons stated above.

---

[5] The 6/12 List is inaccurate as to two of the statements relevant to Exhibit 98. Defendants asked Plaintiff to concede, on Sunday evening, that this was the case, and to reconsider her position on such statements, but as of 8:00 p.m. they had ignored the request.

5

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court require Plaintiff to redact the exhibits at issue as requested herein and to enter such other and further relief the Court deems just and proper.

Dated: June 15, 2015
      New York, New York

                              Respectfully submitted,

                              /s/Glenn Colton

                              Glenn Colton
                              Gary Meyerhoff
                              1221 Avenue of the Americas
                              New York, New York 10020
                              Tel. (212) 768-6700

                              *Attorneys for Defendants*