UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HANNA BOUVENG,

      Plaintiff,

 v.

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL
GROUP, FNL MEDIA LLC, and BENJAMIN
WEY,

      Defendants.

Case No. 14-CV-5474 (PGG)

**DEFENDANTS' MEMORANDUM OF LAW REGARDING
LEGAL STANDARDS APPLYING TO RECOVERY OF COMPENSATORY
AND PUNITIVE DAMAGES ON PLAINTIFF'S DEFAMATION CLAIM**

DENTONS US LLP
Glenn Colton
Gary Meyerhoff
1221 Avenue of the Americas
New York, New York 10020
Tel.  (212) 768-6700

*Attorneys for Defendants*

**TABLE OF CONTENTS**

I. Compensatory Damages On Plaintiff's Defamation Claim Are Limited To Nominal Damages, For Which An Actual Malice Standard Applies, And To Non-Economic Actual Damages, To Which A Grossly Irresponsible Standard Applies ..............................................1

    A. Plaintiff Can Only Recover Nominal Or Non-Economic Damages ...............................1

    B. Defendants Are Entitled To An Actual Malice Standard With Respect To A Defamation Claim Based Upon Presumed Damages Under Defamation Per Se.............3

    C. Defendants Are Entitled To A "Grossly Irresponsible" Standard With Respect To A Defamation Claim Based Upon Actual Damages..........................................................4

II. There Are Other Limitations Under The Law To Plaintiff's Recovery Of Compensatory Damages.............................................................................................................................8

    A. Plaintiff Cannot Recover Reputation Damages In The Form Of Lost Income .............8

    B. Plaintiff Cannot Recover Damages For Harm To Others, Nor For Damage To Herself Based Upon Statements That Are Not "Of And Concerning" Plaintiff............9

    C. There Must Be Evidentiary Support For Any Actual Damages Amount ......................11

III. Punitive Damages On Plaintiff's Defamation Claim ............................................................13

    A. Plaintiff Is Required To Meet The Higher "Common Law Malice" Standard For Punitive Damages; Defendants Are Entitled To Instructions On Both Actual Malice And Common Law Malice .........................................................................................13

    B. Plaintiff Most Prove Punitive Damages By Clear And Convincing Evidence...............15

CONCLUSION ........................................................................................................................16

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Albert v. Losken*,
  239 F.3d 256 (2d Cir. 2001)..................................................................................................7

*Anglo-Iberia Underwriting Management Co. v. Lodderhose*,
  282 F. Supp. 2d 126 (S.D.N.Y. 2003)..................................................................................12

*Cantu v. Flanigan*,
  705 F. Supp. 2d 220 (E.D.N.Y. 2010) ...................................................................................8

*Celle v. Filipino Reporter Enterprises Inc.*,
  209 F.3d 163 (2000)..................................................................................................1, 2, 9, 13

*Chapadeau v Utica Observer-Dispatch*,
  38 N.Y.2d 196 (1975) .........................................................................................................5, 7

*Chiara v. Dernago*,
  --- N.Y.S.3d ----, 128 A.D.3d 999 (1st Dep't 2015)..............................................................15

*DiBella v. Hopkins*,
  403 F.3d 102 (2d Cir. 2005)..................................................................................................14

*Fischer v. OBG Cameron Banfill LLP*,
  2010 WL 3733882 (S.D.N.Y. Sept. 24, 2010) .....................................................................12

*Friends of Gong v. Pac. Culture*,
  109 F. App'x. 442 (2d Cir. 2004) ...........................................................................................9

*Gertz v. Robert Welch, Inc.*,
  418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)..................................................... *passim*

*Greenbaum v. Svenska Handelsbanken*,
  N.Y., 979 F. Supp. 973 (S.D.N.Y. 1997)..............................................................................15

*Huggins v. Moore*,
  94 N.Y.2d 296 (1999) .............................................................................................3, 5, 6, 13

*Lerman v. Flynt Distrib. Co.*,
  745 F.2d 123 (2d Cir. 1984)..................................................................................................14

*Lewis v. Newsday, Inc.*,
  246 A.D.2d 434, 668 N.Y.S.2d 377 (1st Dep't 1998)...........................................................14

*Massre v. Bibiyan*,
    2014 WL 2722849 (S.D.N.Y. June 16, 2014) ....................................................................... 12

*Medcalf v. Walsh*,
    938 F. Supp. 2d 478 (S.D.N.Y. 2013 ) (Engelmayer, J.) ......................................................... 7

*Michalski v. Home Depot, Inc.*,
    225 F.3d 113 (2d Cir.2000) ...................................................................................................... 7

*Morsette v. "The Final Call"*,
    309 A.D.2d 249, 764 N.Y.S.2d 416 (1st Dep't 2003) ............................................................. 13

*Munoz v. Puretz*,
    301 A.D.2d 382, 753 N.Y.S.2d 463 (1st Dep't 2003) ............................................................. 16

*Orange & Rockland Utilities, Inc. v. Muggs Pub, Inc.*,
    292 A.D.2d 580, 739 N.Y.S.2d 610 (2d Dep't 2002) .............................................................. 16

*Poznyakovskiy v. City of New York*,
    2008 WL 842438 (E.D.N.Y. March 11, 2008) ................................................................. 12, 13

*Prozeralik v. Capital Cities Communications*,
    82 N.Y.2d 466, 626 N.E.2d 34 (1993) .................................................................................... 15

*Randi A.J. v. Long Island Surgi-Ctr.*,
    46 A.D.3d 74, 842 N.Y.S.2d 558 (2nd Dep't 2007) ................................................................ 15

*In Re Seventh Judicial Dist. Asbestos Litigation*,
    190 A.D.2d 1068, 593 N.Y.S.2d 685 (4th Dep't 1993) ........................................................... 15

*Sladick v. Hudson Gen. Corp.*,
    226 A.D.2d 263, 641 N.Y.S.2d 270 (1st Dep't 1996) ............................................................. 16

**Other Authorities**

U.S. Const. First Amendment ............................................................................................. 4, 5, 13, 14

By Order dated June 21, 2015, the Court has requested briefing from the parties "as to what legal standard applies to the recovery of compensatory and punitive damages on Plaintiff Hanna Bouvveng's defamation claim." On June 22, 2015, the Court clarified its request, informing the parties that it was focused upon what the parties were proposing as the standard for liability on defamation (actual malice or common law malice) for both compensatory and punitive damages. (Trial Tr. at 783-86.) The Court also addressed the parties' attention to the constitutional implications concerning when damages are being presumed and whether, given the way in which Plaintiff has litigated her case, whether an instruction on presumed damages is necessary. With that in mind, the standards are as follows.[1] Defendants will be providing the Court, promptly, with a substituted set of proposed jury instructions in conformity with the legal principles set forth herein.

**I.     Compensatory Damages On Plaintiff's Defamation Claim Are Limited To Nominal Damages, For Which An Actual Malice Standard Applies, And To Non-Economic Actual Damages, To Which A Grossly Irresponsible Standard Applies**

  A.     Plaintiff Can Only Recover Nominal Or Non-Economic Damages

Plaintiff has stipulated that she will not be seeking economic damages at all -- no "special damages" for her defamation claim. *See* Joint Pre-Trial Order, viii(12). Thus, Plaintiff cannot, and has not, based her defamation claim on any such damages. Plaintiff can prevail on a defamation claim only if she can prove all of the elements of the tort of defamation as to a statement that qualifies as defamation *per se*. *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 179 (2000). The only damages she can collect are nominal damages or non-economic

---

[1] Given the Court's explanation of its focus, and given that the issue of punitive damages *amount* (as opposed to entitlement to punitive damages) is to be dealt with, if necessary, in the second phase of a bifurcated case, Defendants are not providing its position on the legal standards applicable to the amount of punitive damages to be awarded. Defendants respectfully reserve the right to present its legal position on those issues, should the need arise, in advance of a jury charge in the second phase of the trial.

1

damages:

> New York recognizes certain statements as defamatory per se, meaning they are actionable without "pleading and proof of special damages." *Davis,* 754 F.2d at 82. "Special damages consist of 'the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation[.]' " *Matherson v. Marchello,* 100 A.D.2d 233, 235, 473 N.Y.S.2d 998 (2d Dep't 1984); *see Sack on Defamation, supra,* § 2.8.7.1, at 2–113 ("Special damages refers only to pecuniary damages such as out-of-pocket loss." (internal citations omitted)); *cf. Blumenstein v. Chase,* 100 A.D.2d 243, 246, 473 N.Y.S.2d 996 (2d Dep't 1984) (distinguishing special damages from actual damages); *Sack on Defamation, supra,* § 2.8.7.1., at 2–113 (distinguishing special damages under state libel law from actual damages as used by the Supreme Court in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); actual damages is broader than special damages, and includes "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.").
>
> If a statement is defamatory per se, injury is assumed. In such a case, "[e]ven where the plaintiff can show no actual damages at all, a plaintiff who has otherwise shown defamation may recover at least nominal damages." *Van–Go Transport Co., Inc. v. New York City Bd. of Educ.,* 971 F.Supp. 90, 100 (E.D.N.Y.1997); *see, e.g., Buckley v. Littell,* 539 F.2d 882, 897 (2d Cir.1976) (nominal damages of $1); *Suckenik v. Levitt,* 177 A.D.2d 416, 416, 576 N.Y.S.2d 258 (1st Dep't 1991) (nominal damages of 1¢); *cf. Orlowski v. Koroleski,* 234 A.D.2d 436, 437, 651 N.Y.S.2d 137 (2d Dep't 1996) (awarding nominal damages in slander per se case where plaintiff failed to prove injury).

*Celle,* 209 F.3d at 179.

Under *Celle* and the cases it relies upon, if the jury decides that Plaintiff has proved all of the elements of a case of defamation *per se*, it can award nominal damages.  It can also award a specific amount of damages for non-economic injury -- actual damages.   These principles comport with the relevant New York Pattern Jury Instruction in this area:

> If you decide that the plaintiff is entitled to recover, you will award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury to plaintiff's reputation and the humiliation and mental anguish in (his, her) public and private life which you decide was caused by defendant's statement.

2

> In fixing that amount you should consider the plaintiff's standing in the community, the nature of defendant's statement made about the plaintiff, the extent to which the statement was circulated, the tendency of the statement to injure a person such as the plaintiff, and all of the other facts and circumstances in the case. These damages cannot be proved with mathematical accuracy. Fair compensation may vary, ranging from one dollar, if you decide that there was no injury, to a substantial sum if you decide that the injury was substantial.

New York Pattern Jury Instructions (2014) ("NYPJI"), Instr. 3:29.

> B. Defendants Are Entitled To An Actual Malice Standard With Respect To A Defamation Claim Based Upon Presumed Damages Under Defamation *Per Se*

Defendants have to assume that Plaintiff wishes to proceed to the jury on a "presumed" damages theory, given Plaintiff's Instruction #35 (Document 177). That proposed instruction tracks the language quoted above from NYPJI 3:29: "Fair compensation may vary, ranging from one dollar, if you decide that there was not injury, to a substantial sum if you decide that the injury was substantial." Even though Plaintiff also seeks actual damages, Plaintiff apparently intends to argue that she can prevail with an award of nominal, presumed damages.

Plaintiff seeks to recover on a presumed damages theory for purportedly libelous statements published in an internet magazine, TheBlot. Plaintiff must meet an "actual malice" or "constitutional malice" standard -- knowledge of falsity or reckless disregard for the truth -- for her presumed damages claim. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349-350 (1974). *See Huggins v. Moore,* 94 N.Y.2d 296, 302 (1999)("the plaintiff still must prove constitutional malice to recover presumed or punitive damages"). As the Supreme Court held in *Gertz*:

> For the reasons stated below, we hold that the States may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth.
>
> The common law of defamation is an oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss. Under the traditional rules pertaining to actions for libel, the

3

> existence of injury is presumed from the fact of publication. Juries may award substantial sums as compensation for supposed damage to reputation without any proof that such harm actually occurred. The largely uncontrolled discretion of juries to award damages where there is no loss unnecessarily compounds the potential of any system of liability for defamatory falsehood to inhibit the vigorous exercise of First Amendment freedoms. . . .
>
> We would not, of course, invalidate state law simply because we doubt its wisdom, but here we are attempting to reconcile state law with a competing interest grounded in the constitutional command of the First Amendment. It is therefore appropriate to require that state remedies for defamatory falsehood reach no farther than is necessary to protect the legitimate interest involved. It is necessary to restrict defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth to compensation for actual injury. We need not define 'actual injury,' as trial courts have wide experience in framing appropriate jury instructions in tort actions. Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.  Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury.

*Gertz,* 418 U.S. at 349-50.

Unless Plaintiff changes her position and indicates that she will not press a defamation claim based on presumed damages basis, Defendants are entitled to the heightened test of actual malice for a claim based upon presumed damages and seek jury instructions reflecting that standard.

    C.    <u>Defendants Are Entitled To A "Grossly Irresponsible" Standard With Respect To A Defamation Claim Based Upon Actual Damages</u>

Under *Gertz,* Plaintiff's claim for actual defamation damages -- lost reputation, emotional injury, and mental anguish -- does not have to be proven to actual malice standard because Plaintiff is a private citizen for these purposes.  *Gertz* held that it would be consistent with the First Amendment to allow States to set a standard in private plaintiff cases that seek actual

4

compensatory damages at a negligence standard or higher, in each State's discretion. *Id.* The New York Court of Appeals has set a "grossly irresponsible" standard for private plaintiff cases brought against publishers of articles of "legitimate public concern." Regardless, there is a lack of creditable authority for applying a mere negligence standard even to a private plaintiff/non-public concern case. Defendants contend that a "grossly irresponsible" standard should apply to Plaintiff's claims for actual, non-economic compensatory damages.

In response to the *Gertz* decision, the New York Court of Appeals held in *Chapadeau v Utica Observer-Dispatch,* 38 N.Y.2d 196, 199 (1975), that a private plaintiff must prove a publisher's or broadcaster's gross irresponsibility "where the content of the article is *arguably within the sphere of legitimate public concern,* which is *reasonably related to matters warranting public exposition.*" (emphasis added.) The defamatory statements at issue appeared in publications of TheBlot Magazine, potentially requiring the Court to consider whether the alleged defamatory statements at issue appear in articles that raise matters of public concern.

The Court of Appeals' more recent decision in *Huggins v. Moore,* 94 N.Y.2d 296 (1999) set an extremely permissive standard for meeting *Chapadeau's* "public concern" test:

> To make the determination of whether content is arguably within the sphere of legitimate public concern, allegedly defamatory statements "can only be viewed in the context of the writing as a whole, and not as disembodied words, phrases or sentences." Courts must examine their "'content, form, and context.'"
>
> A publication's subject is not a matter of public concern when it falls "into the realm of mere gossip and prurient interest." In addition, publications directed only to a limited, private audience are "matters of purely private concern." Moreover, the fact that the article has been published in a newspaper is not conclusive that its subject matter warrants public exposition.
>
> Yet we have stated repeatedly that the *Chapadeau* standard is deferential to professional journalistic judgments. Absent clear abuse, the courts will not second-guess editorial decisions as to what constitutes matters of

5

> genuine public concern. This applies equally to the determination whether any particular portion of the text is "reasonably related" to the subject of public concern in the article. There is no "abuse of editorial discretion" so long as a published report can be "fairly considered as relating to any matter of political, social, or other concern of the community."
>
> Thus, when the claimed defamation arguably involves a matter of public concern, a private plaintiff must prove that the media defendant "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties."

*Id.* (internal citations omitted.)

In *Huggins,* the Court of Appeals held that alleged "economic spousal abuse" by the husband of a popular stage actress and singer was a matter of public concern -- a very broad standard. And it is beyond dispute that the publications at issue were not directed to a limited, private audience. The testimony in this case is that the articles were written to respond to a false accusation of forced sexual activity in an attempt to extract an undeserved amount of money from Mr. Wey. While TheBlot Magazine's approach to responding to such issues was undoubtedly sensationalist and unconventional, for example, false accusations of forced sexual activity and a plaintiffs law firm's use of the protections of civil litigation to evade liability for what would otherwise be a defamatory act itself is certainly a matter of public interest. The *Huggins* court cautioned against having courts "second-guess editorial decisions as to what constitutes matters of genuine public concern." Of course, the court included the caveat, "absent clear abuse."

Should the Court undertake to review the statements and articles at issue under a "clear abuse" standard, the number of statements and the content of each, in context, could complicate matters further. The Court could find, for example, that statements about a purported effort to use false threats of rape to extort a settlement, or about how club promoters take advantage of

6

young women in the club scene in New York, do present issues of public concern, whereas other statements solely about Ms. Bouveng may not.  If such an analysis were to find some statements to be within the *Chapadeau* test and some without, the instructions in this case would multiple even further.

Respectfully, even if the Court was to find that the *Chapadeau* test is not met, that would not necessarily bind the Court to set the standard on claims for actual damages at mere negligence.  As the Second Circuit has observed, the New York Court of Appeals has not spoken to the issue of what standard would apply in a private plaintiff/private issue case.  In *Albert v. Losken,* 239 F.3d 256, 270 (2d Cir. 2001), the Second Circuit considered what the applicable standard would be if the alleged defamatory statements did not fall within the public issue test of *Chapadeau.*  The court noted that New York's Court of Appeals had not addressed the issue. While an intermediate appellate court in New York had applied a negligence standard, the Second Circuit found the analysis that led to applying a mere negligence standard to be non-compelling and was reluctant to view it as binding.  *Id.* at 270, fn. 12.

This Court more recently agreed in *Medcalf v. Walsh,* 938 F. Supp. 2d 478, 487 (S.D.N.Y. 2013 ) (Engelmayer, J.).  Citing *Albert*, the Court stated that the applicable level of fault in a private plaintiff, private issue case may need to be more demanding than mere negligence. *Id.* at 487, 487 fn. 5.  With no New York Court of Appeals precedent to control, this Court must predict what New York's highest court would do were the issue before it.  *See Michalski v. Home Depot, Inc.,* 225 F.3d 113, 116 (2d Cir.2000) ("Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law.").

Defendants respectfully contend that the Second Circuit's, and this Court's, reluctance to

7

use a mere negligence standard suggests that a prediction already has been made -- the higher standard is required.  Whether based on such an analysis, or on a finding that the statements at issue were in articles raising issue of legitimate public concern,  Defendants contend that the appropriate standard for actual damages would require proof that Defendants "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties."

## II. There Are Other Limitations Under The Law To Plaintiff's Recovery Of Compensatory Damages

### A. Plaintiff Cannot Recover Reputation Damages In The Form Of Lost Income

In this case, where Plaintiff undoubtedly does *not* seek economic damages for lost wages or lost income, there is a risk of prejudice associated with the introduction of evidence about her lost reputation -- specifically, evidence of an alleged inability to obtain employment.  As Defendants argued in their Motion *In Limine* #4, while inability to obtain employment can be characterized as a non-economic injury (as in *Cantu v. Flanigan,* 705 F. Supp. 2d 220, 227 (E.D.N.Y. 2010), where a loss of professional status or the ability to earn wages leads to emotional injury), such evidence is commonly used to support a claim for *economic* damages -- lost reputation and inability to earn wages leading to loss of wages and income.  The possibility for confusion from testimony about lost employment opportunities, resulting in an improper damages award, is evident.

The Court already has recognized the potential for such confusion, finding that a limiting instruction should be provided -- both during the evidence and when charging the jury -- to address the risk of confusion and unfair prejudice of such evidence.   Defendants had requested the following instruction:

8

> Plaintiff does not seek to recover lost wages or lost income in this case. She does seek to recover for non-economic injuries, including emotional injury and loss of reputation. Thus, even if you were to find that Plaintiff has met her burden of proof, you may not to award damages based on what you may believe or presume to be lost wages or lost income resulting from an inability to obtain employment or due to a loss of reputation.

(Defendants' June 11, 2015 Memorandum Of Law, p. 16-17.)

At the June 12, 2015 telephone conference, the Court acknowledged the appropriateness of giving such an instruction and, without providing a final instruction to be given in the jury charge, indicated, "I'd be inclined to tell the jury that the plaintiff doesn't seek lost wages or lost income damages and that the jury may not award her damages for lost wages or lost income, together with an explanation of the type of injury the plaintiff is seeking recovery for." (June 12, 2015 Tr. at 16-17.) Accordingly, the instructions to the jury on available damages should include reference not only to what Plaintiff may be entitled to, but also what she is not.

### B. Plaintiff Cannot Recover Damages For Harm To Others, Nor For Damage To Herself Based Upon Statements That Are Not "Of And Concerning" Plaintiff

As Defendants' argued in their Motion *In Limine* #6, Plaintiff is not entitled to recover damages for injuries suffered by anyone other than herself. Nor can she recover for statements about others. The only defamatory statements that are actionable are those made by a defendant which are "of and concerning" the plaintiff. *Friends of Gong v. Pac. Culture*, 109 F. App'x. 442, 445 (2d Cir. 2004); *see also Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). The allegedly defamatory statement must actually "refer to the plaintiff." *Friends of Gong*, 109 F. App'x. at 445.

While Defendants' motion prompted the Court and the parties to deal with the more complicated issues as to how these principles effect the *evidence* (the contextual portions of TheBlot Magazine articles that should come into evidence, as well as evidence of Plaintiff's

9

alleged emotional injury on her retaliation claim caused by purported harm to her friends or family), Plaintiff's inability to recover damages in these areas on her defamation claim has not been disputed. As the Court stated when first addressing Motion *In Limine* #6 (before raising the evidentiary complications created by Plaintiff's retaliation claim), "There is a motion in limine about evidence of harm to persons other than plaintiff. As to the defamation claim, of course Ms. Bouveng can't recover for statements made about other people. That's obvious." (June 5, 2015 Tr. at 81-82.) When asked to address that point, Plaintiff's counsel responded, "I only represent one plaintiff here, your Honor, and that's the only person whose harm I am seeking to redress." (*Id.* at 82.)

Since it appears that there will be testimony in the trial about how Plaintiff's friends or family may have been harmed by Defendants' conduct, including allegedly defamatory statements Defendants may have published, the jury will need to be instructed that Plaintiff is not allowed to recover damages for harm suffered by these other people. And since there has been evidence introduced of statements that are disparaging to Plaintiff's friends and family (for example, statements about James Chauvet and about Helena Bouveng), the jury will need to be instructed that Plaintiff is not allowed to recover damages for statements Defendants may have made about her friends or family.

To address the first of these two issues, the harm to others, a jury instruction like the following is needed to ensure that Plaintiff is not awarded damages for alleged harm to her friends and family:

> The jury should understand that the plaintiff is seeking to recover for harm she alleges the defendants caused to her. While you may have heard evidence about harm that may have been caused to friends or family of Plaintiff, even if you find that Plaintiff has met her burden of

10

>proof, you are not to award damages to her harm to anyone other than harm she proved as to her.

To address the second issue, harm from statements about others, a jury instruction like the following is needed:

>The jury should understand as well that the plaintiff is seeking to recover for harm she alleges was caused by allegedly defamatory statements about her. Under the law, the only defamatory statements that are actionable are those made by a defendant which are "of and concerning" the plaintiff. While you may have heard evidence about statements the Defendants made about others, for example, Plaintiff's friends or family members, even if you find that Plaintiff has met her burden of proof, you are not to award damages to her based upon statements made about persons other than Plaintiff.

    C.    <u>There Must Be Evidentiary Support For Any Actual Damages Amount</u>

The factors the jury must consider in determining whether to award compensatory damages include "the plaintiff's standing in the community, the nature of defendant's statement made about the plaintiff, the extent to which the statement was circulated, the tendency of the statement to injure a person such as the plaintiff, and all of the other facts and circumstances in the case." NYPJI 3:29. However, while a claim of defamation *per se* does permit a plaintiff to prevail on a jury finding of nominal damages, that does not mean that Plaintiff can recover a *significant* amount without proving an entitlement to such an amount. As this Court aptly pointed out:

>The presumption of general damages in libel *per se* cases does not mean that the court can award substantial damages without plaintiff having adduced any evidence; it merely means that special damages need not be pleaded for the *per se* claim to be actionable. *Compare Boule v. Button,* 328 F.3d 84, 94 (2d Cir.2003) (noting that where "an action for defamation *per se* lies, ... general damages are presumed") *with Pelc v. Berg,* 68 A.D.3d 1672, 893 N.Y.S.2d 404, 406 (N.Y.App. Div. 4th Dep't 2009) (" [D]efendants have alleged only general damages, and the pleading of special damages is a prerequisite for slander of title." (citations omitted)). "Moreover, the *amount* of damages will always be in issue ..., and evidence must be introduced to demonstrate that the award

11

> should be more than nominal." *Davis v. Ross,* 107 F.R.D. 326, 330 (S.D.N.Y.1985).

*Fischer v. OBG Cameron Banfill LLP,* 2010 WL 3733882 (S.D.N.Y. Sept. 24, 2010).

    Accordingly, Plaintiff must identify a basis for the non-economic damages she seeks, and must introduce evidence to support a claim for such damages. If Plaintiff seeks to recover for a loss in reputation, for example, she must put forth evidence as to how her reputation has been injured, or she cannot recover. *See Massre v. Bibiyan,* 2014 WL 2722849 at *5 (S.D.N.Y. June 16, 2014) (failure to submit evidence as to reputation prior to defamatory statement, as to current reputation, and as to how much business was lost as a result of the statement fatal to establishing reputation damages).

    Put another way:

> In this posture [defamation *per se*], the "plaintiff need not offer proof of any damage but is entitled to recover for the injury to his reputation." *Walrus Mfg. Co. v. Excel Metal Cabinet Co.,* 161 F.Supp. 840, 843 (W.D.N.Y.1957). "The right, as a matter of law, to compensatory damages, however, does not imply a right to substantial damages. Substantial compensatory damages must be founded upon a finding of substantial injury...." *Id.* at 844 (citation omitted). In such a case, "the *amount* of damages will always be in issue," and "evidence must be introduced to demonstrate that the award should be more than nominal." *Davis v. Ross,* 107 F.R.D. 326, 330 (S.D.N.Y.1985) (citing *Wood v. Lee,* 41 A.D.2d 730, 341 N.Y.S.2d 738 (App.Div. 1st Dep't 1973)) (emphasis in original).

*Anglo-Iberia Underwriting Management Co. v. Lodderhose,* 282 F. Supp. 2d 126, 132 (S.D.N.Y. 2003)(plaintiffs' failure to support any particular damages number would not lead to the pulling of "a significant arbitrary figure out of thin air," resulting in an award of a nominal amount of $1,000 to each plaintiff).

    In *Poznyakovskiy v. City of New York,* 2008 WL 842438 at *5 (E.D.N.Y. March 11, 2008), the plaintiff sought an award of $100,000 in damages based on mental anguish. In

rejecting that claim (in a default judgment analysis), the Court found a plaintiff's own testimony that he had "suffered great ridicule, . . . [and] humiliation" to be insufficient. "Plaintiff has presented no other supporting affidavits or any documentation . . . evidencing any mental, emotional, or other injury as a result of the defendants' defamatory statements." *Id.*

**III.     Punitive Damages On Plaintiff's Defamation Claim**

    A.     Plaintiff Is Required To Meet The Higher "Common Law Malice" Standard For Punitive Damages; Defendants Are Entitled To Instructions On Both Actual Malice And Common Law Malice

Since Plaintiff seeks punitive damages for her claims of defamation, as discussed above, under *Gertz* and *Huggins*, Plaintiff must meet at least an actual malice standard to balance Plaintiff's right to recover against the First Amendment interests at issue. However, in addition, both New York and the Second Circuit have made it definitively clear that punitive damages can only be assessed in a defamation case if Plaintiff establishes "common law malice" in addition to the other elements of libel. *Celle,* 209 F.3d at 184, citing *Prozeralik v. Capital Cities Communications,* 82 N.Y.2d 466, 626 N.E.2d 34, 41-42 (1993).

The common law malice test is *not* the "actual malice" test familiar in public figure defamation cases:

> Actual malice, as defined in *New York Times Co. v. Sullivan,* is insufficient by itself to justify an award of punitive damages, because that malice focuses on the defendant's state of mind in relation to the truth or falsity of the published information. This does not measure up to the level of outrage or malice underlying the public policy which would allow an award of punitive damages, i.e., "to punish a person for outrageous conduct which is malicious, wanton, reckless, or in willful disregard of another's rights."

*Id.,* quoting *Prozeralik.* (citations omitted).

Subsequent courts considering this issue are in accord. *See Morsette v. "The Final Call",* 309 A.D.2d 249, 254, 764 N.Y.S.2d 416 (1st Dep't 2003) (for punitive damages to be awarded in

13

a defamation case, the plaintiff must demonstrate that the defendant's conduct is "intentional and deliberate, has fraudulent or evil motive, and has the character of outrage frequently associated with crime."); *DiBella v. Hopkins,* 403 F.3d 102, 122 (2d Cir. 2005), citing *Prozeralik,* 82 N.Y.2d at 480  (common law malice standard not automatically satisfied by a finding of "actual malice" for libel; rather, it requires "hatred, ill will, spite, criminal mental state or that traditionally required variety of common-law malice.")

      These legal principles are in accord with the NYPJI:

> The damages that I have discussed with you so far are called compensatory, because they are intended to compensate for injury suffered by the plaintiff.  In addition, plaintiff asks that you award punitive damages.  Punitive damages may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same.  A statement is made maliciously if it is made with deliberate intent to injure or made out of hatred, ill will, spite or made with willful, wanton or reckless disregard of another's rights.
>
> If you find that, in making the statement about the plaintiff, defendant acted maliciously, as I have just defined that term for you, you may, but are not required to, award plaintiff punitive damages.  If you find that defendant's statement was not made maliciously, as I have defined that term for you, you may not award punitive damages.  The burden of proving that defendant acted with malice is on the plaintiff.

("NYPJI"), Instr. 3:20 (Intentional Torts--Defamation--Punitive Damages).

      An additional question for the Court is whether an instruction on common law malice alone would be sufficient to cover not only New York's requirement for punitive damages, but the First Amendment requirements of *Gertz*.  Both instructions -- actual malice and common law malice -- may be required.  Precedent suggests a need for both instructions. *See Lerman v. Flynt Distrib. Co*., 745 F.2d 123, 139 (2d Cir. 1984) (while not explicitly stating two instructions are required, holding in a punitive damages case that the failure to instruct on actual malice standard would require reversal of a jury verdict); *Lewis v. Newsday, Inc*., 246 A.D.2d 434, 437, 668

N.Y.S.2d 377, 379 (1st Dep't 1998) (denying summary judgment, under *Prozeralik,* on the grounds that "both actual malice and common-law malice must be established to warrant an award of punitive damages").

Accordingly, Defendants are entitled to instructions on both standards, one to apply to the scienter element of defamation (actual malice), and a second to apply to the requirements of punitive damages. Defendants have no objection to having one instruction on the entitlement to punitive damages for each of the claims for which punitive damages are permitted as long as that instruction makes reference to its application to the defamation claim specifically.

B.    Plaintiff Most Prove Punitive Damages By Clear And Convincing Evidence

The Court also needs to consider the burden of proof for punitive damages. There is a split of authority under New York law, as applied within the Second Circuit, as to whether the test is preponderance or clear and convincing evidence. One line of cases, supporting the lower preponderance standard, follows *Greenbaum v. Svenska Handelsbanken*, N.Y., 979 F. Supp. 973, 979 (S.D.N.Y. 1997). There is a Fourth Department case applying a preponderance of the evidence standard, although the Fourth Department does not appear to have addressed the issue in recent years. *See In Re Seventh Judicial Dist. Asbestos Litigation*, 190 A.D.2d 1068, 1069, 593 N.Y.S.2d 685, 686 (4th Dep't 1993).

The New York intermediate appellate courts that have addressed the issue more recently have applied a clear and convincing standard. In *Randi A.J. v. Long Island Surgi-Ctr.,* 46 A.D.3d 74, 86, 842 N.Y.S.2d 558 (2nd Dep't 2007), the court acknowledged the analysis of G*reenbaum* and rejected its conclusion, finding it error to fail to charge the jury with a clear an convincing evidence standard for punitive damages. That position was followed more recently in the First Department as well. *See Chiara v. Dernago*, --- N.Y.S.3d ----, 128 A.D.3d 999 (1st Dep't 2015)

15

(applying "clear and convincing" standard to analysis of punitive damages award on appeal). *See also, Munoz v. Puretz*, 301 A.D.2d 382, 384, 753 N.Y.S.2d 463, 466 (1st Dep't 2003); *Orange & Rockland Utilities, Inc. v. Muggs Pub, Inc*., 292 A.D.2d 580, 581, 739 N.Y.S.2d 610, 611 (2d Dep't 2002); *Sladick v. Hudson Gen. Corp*., 226 A.D.2d 263, 264, 641 N.Y.S.2d 270, 271 (1st Dep't 1996).[2]   Accordingly, Defendants contend that a clear and convincing standard is required.

## CONCLUSION

Under the foregoing, Defendants respectfully request that the Court instruct the jury on the law of damages for defamation as set forth herein.

Dated:  June 22, 2015
         New York, New York

                                                        Respectfully submitted,

                                                        /s/Glenn Colton

                                                        Glenn Colton
                                                        Gary Meyerhoff
                                                        1221 Avenue of the Americas
                                                        New York, New York 10020
                                                        Tel.  (212) 768-6700

                                                        *Attorneys for Defendants*

---

[2] We note that in *Celle*, the Second Circuit mentions that punitive damages must be proved by a preponderance of the evidence, citing *Prozeralik* with a pin-cite of 626 N.E.2d at 42.  *Celle*, 209 F.3d at 184.  The citation to *Prozeralik* for that proposition appears to be in error.  *Prozeralik* does not adopt a punitive damages standard of preponderance or clear and convincing evidence.  Had it done so, we doubt that intermediate appellate courts in New York would routinely adopt a clear and convincing standard.