**Glenn C. Colton**
Partner

glenn.colton@dentons.com
D  +1 212 398 5797

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

T  +1 212 768 6700
F  +1 212 768 6800

June 28, 2015

**BY HAND and E-FILE**
The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square - Room 2204
New York, NY 10007

Re:   *Bouveng v. NYG Capital, LLC, et al.*, 14 Civ. 5474 (PGG)

Dear Judge Gardephe:

      Defendants have reviewed the Court's proposed jury instructions for the punitive damages amount phase of the trial which will take place in the event the jury's verdict makes such a phase necessary.  Defendants cannot respond completely until after (a) they have seen the jury's verdict, and (b) they have an understanding of exactly what evidence the jury will be provided with during the punitive damages amount phase, and respectfully reserve the right to supplement their position at that time.  There are, however, three changes Defendants are likely to request that the Court may wish to begin considering now.

      (1)  The first change concerns the description of the relationship between compensatory and punitive damages.  Defendants propose the following additions to the second paragraph (as marked in bold and italics):

> Moreover, any award of punitive damages must bear a reasonable ***and proportional*** relationship to Ms. Bouveng's actual injury and the compensatory damages that you awarded her.  In calculating an award that bears ***a reasonable and proportional*** relationship to Ms. Bouveng's actual injury and compensatory damage award, you should consider:

      Defendants contend that adding the word (and concept) "proportional" to the existing language is appropriate and necessary to capture completely the constitutional limitations on punitive damages awards delineated in *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).  In *State Farm,* the Supreme Court held, "In sum, courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered."  *Id.* at 426.  New York's pattern jury instructions import this "reasonable and proportional" language in addressing the relationship between compensatory and punitive damages.  NYPJI Civil 2:278 (2014) ("The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by AB, and to the compensatory damages you awarded AB.").

June 28, 2015
Page 2

(2) Defendants request the addition of the following paragraph, to be added at the end of the existing instructions, in further explanation of the reprehensibility factor:

> You should consider all of the circumstances connected with the events at issue, including mitigating factors, in analyzing the reprehensibility of the Defendants' conduct.  Thus, while you may consider evidence that supports a finding of express malice by the Defendants, you may also consider evidence tending to show that Defendants may have acted under provocation by the conduct of or on behalf of Ms. Bouveng.

There is ample support in the case law for instructions on mitigating factors, including those based upon provocation by the plaintiff.  The Second Circuit has recognized a plaintiff's provocation as a factor in determining reprehensibility.  *See Payne v. Jones,* 711 F.3d 85, 101 (2d Cir. 2013) ("There is no doubt that Jones's conduct was reprehensible. . . .   However, there were also mitigating factors to be counted in Jones's favor in making the degree-of-reprehensibility analysis.  Jones's violence was not unprovoked.  Payne's violent threats in the hospital had caused the officers to be summoned to control him.  Payne struggled to resist the officers' efforts to place him in handcuffs and on a gurney.  Jones became violent only after Payne kicked him in the groin. . . .  While Jones's violence was reprehensible, it was provoked, and that diminishes the degree of reprehensibility.")

In *Levine v. Abergel*, 127 A.D.2d 822, 824-25 (2d Dep't 1987), the court, relying on New York Court of Appeals precedent, held it was erroneous to fail to instruct on provocation:

> Additionally, although not objected to at the trial, the court's charge to the jury on the law concerning provocation was erroneous. "Where exemplary or punitive damages are claimed, all the circumstances immediately connected with the transaction, tending to exhibit or explain the motive of the defendant, are admissible in evidence. The plaintiff on his part may show that there was express malice, and, on the other hand, the defendant is entitled to the benefit of any circumstances tending to show that he acted under an honest belief that he was justified in doing the act complained of, or under immediate provocation, or the impulse of sudden passion or alarm excited by the conduct of the plaintiff" (*Voltz v. Blackmar,* 64 N.Y. 440, 445). Where there is a reasonable excuse for the defendant's conduct arising from the provocation attending the transaction or from provocations so recent as to constitute a part of the res gestae but not entirely sufficient to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages, and even reduce them to a sum which is merely nominal (*see, Kiff v. Youmans,* 86 N.Y. 324, 331).

The instruction Defendants propose is drawn from these precedents and, respectfully, should be included in the jury charge.

(3) Defendants request the addition of the following paragraph, also to be added at the end of the existing instructions:

> You should also consider the extent to which your award of compensatory damages was based on the outrage and humiliation Ms. Bouveng suffered as a result of the actions of the Defendants.  A major role of punitive damages is to condemn such conduct.  You may not

June 28, 2015
Page 3

> award punitive damages to the extent compensatory damages already awarded were addressed to that aspect of the Defendants' conduct. Of course, to the extent you believe punitive damages are necessary to achieve the goals of punishment and deterrence for other aspects of the Defendants' conduct, you may award them.

This language is adapted directly from *State Farm,* 538 U.S. at 426. The Supreme Court, relying on the Restatement (Second) of Torts § 908, Comment c, p. 466 (1977), expressly criticized the punitive damages amount in *State Farm* for being a duplicative award based on the outrage and humiliation component. *Id. See also, Laurie Marie M. v. Jeffrey T.M.,* 159 A.D.2d 52, 61 (2d Dep't 1990) (citing same Restatement section and comment in remitting down punitive damages award, finding "a certain amount of duplication may exist in the award of punitive damages and that the jury may have been motivated by passion"). Respectfully, Defendants are entitled to such an instruction.

Respectfully submitted,

s/ Glenn Colton
Glenn C. Colton

cc: David Ratner, Esq. (counsel for plaintiff) (by e-file)

84372332