UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HANNA BOUVENG,

            Plaintiff,

    – against –

NYG CAPITAL LLC d/b/a NEW YORK
GLOBAL GROUP, NYG CAPITAL LLC
d/b/a FNL MEDIA LLC, and BENJAMIN
WEY,

            Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/29/15_

14 Civ. 5474 (PGG) (DCF)

## **JURY INSTRUCTIONS:  PUNITIVE DAMAGES**

June 29, 2015

## I.    AMOUNT OF PUNITIVE DAMAGES[1]

In determining the amount of punitive damages to award Ms. Bouveng, you must keep in mind that punitive damages are not intended to, and may not be used to, compensate Ms. Bouveng for injuries, but rather to punish a defendant and to deter similar conduct in the future. Accordingly, in fixing a sum to be awarded, you should consider the degree to which a defendant should be punished for his or its wrongful conduct and the degree to which an award of one sum or another will deter that defendant, or persons or entities like him or it, from committing wrongful acts in the future.[2]

In arriving at your decision as to the amount of punitive damages, you should consider a defendant's net worth and the impact of paying that award.[3]  An award should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence, and should not be so high as to result in the financial ruin of a defendant.[4]  Moreover, any award of punitive damages must bear a reasonable and proportional relationship to Ms. Bouveng's

---

[1] Based on charge given in <u>MacMillan v. Millienium Broadway Hotel</u>, No. 09 Civ. 6053 (PGG).

[2] Based on charge given in <u>Lunney v. Blot, et al.</u>, No. 04 Civ. 2438 (LAK); <u>see also</u> <u>Geressy v. Digital Equip. Corp.</u>, 950 F. Supp. 519, 523 (E.D.N.Y. 1997) ("The New York Court of Appeals recently explained the legal principle behind New York punitive damage awards: 'We have consistently adhered to the view that the purpose of punitive damages is solely to punish the offender and to deter similar conduct on the part of others.  Punitive damages are not intended to compensate or reimburse the plaintiff.'") (quoting <u>Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.</u>, 84 N.Y.2d 309, 316 (1994) (citation omitted)).

[3] <u>TVT Records v. Island Def Jam Music Grp.</u>, 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003) ("It is well-settled . . . that evidence of a defendant's net worth is properly considered given the goals of punishment and deterrence served by punitive damages.") (citations omitted).

[4] <u>Caravantes v. 53rd St. Partners, LLC</u>, No. 09 CIV. 7821 RPP, 2012 WL 3631276, at *25 (S.D.N.Y. Aug. 23, 2012) ("An award should be limited to the amount reasonably necessary to achieve th[e] end [of punishing a defendant and deterring him and others from similar conduct in the future], and should not be so high as to result in the financial ruin of the defendant.") (internal quotation marks and citation omitted).

actual injury and the compensatory damages that you awarded her.[5] In calculating a punitive

damages award, you should consider:

(1) the nature and reprehensibility of the defendant's conduct, including the character of

the wrongdoing and the defendant's awareness of what harm the conduct caused or was likely to

cause;[6]

(2) the amount of time the defendant engaged in reprehensible conduct;[7] and

(3) the defendant's financial condition and the impact your punitive damages award will

have on the defendant.[8]

Where punitive damages are claimed, all the circumstances connected with the

conduct at issue tending to exhibit or explain the motive of the defendant may be considered by

you. The plaintiff on her part may show that there was express malice, and, on the other hand,

the defendant is entitled to the benefit of any circumstances tending to show that he or it acted

under an honest belief that the conduct complained of was justified.[9]

---

[5] Kauffman v. Maxim Healthcare Servs., Inc., 509 F. Supp. 2d 210, 217 (E.D.N.Y. 2007) ("Punitive damages must bear a 'reasonable relationship' to the compensatory damages awarded.") (citing BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 580 (1996); see also State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 426 (2003) ("In sum, courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.").

[6] Based on charge given in MacMillan; see also charge given in Gomez v. City of New York, No. 99 Civ. 9568, 05 Civ. 4811(LAK); New York PJI §§ 2:278; 3:30; Payne v. Jones, 711 F.3d 85, 101 (2d Cir. 2012) ("The Gore decision described the degree of reprehensibility of the defendant's misconduct as '[p]erhaps the most important indicium of the reasonableness of a punitive damages award.'") (quoting Gore, 517 U.S. at 575).

[7] Based on charge given in MacMillan; see also charge given in Gomez; New York PJI § 2:278.

[8] Based on charge in MacMillan; see also charge given in Gomez; see also PJI §§ 2:278; 3:30; Caravantes, 2012 WL 3631276, at *25) ("An award should be limited to the amount reasonably necessary to achieve th[e] end [of punishing a defendant and deterring him and others from similar conduct in the future], and should not be so high as to result in the financial ruin of the defendant.") (internal quotation marks and citation omitted).

[9] Levine v. Abergel, 127 A.D.2d 822, 824-25 (2d Dep't 1987).

3