UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HANNA BOUVENG,

                                          **NOTICE OF DEPOSITION AND**
                                          **REQUEST FOR PRODUCTION**
                                          **OF DOCUMENTS**

                Plaintiff-Judgment-Creditor,

                                          Civil Case No. 14-CV-5474 (PGG)

                    -against-

NYG CAPITAL LLC d/b/a NEW YORK GLOBAL
GROUP, FNL MEDIA LLC, and BENJAMIN WEY,

                Defendants-Judgment-Debtors.
------------------------------------------------------------------X

TO:
Benjamin Wey, a/k/a Tianbing Wei, a/k/a Benjamin Wei
Dentons
1221 Avenue of the Americas
New York, NY 10020

       PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 69(a) of the Federal Rules of Civil Procedure, the plaintiff, judgment creditor in the above-captioned case, will take the deposition of BENJAMIN WEY, who resides at 10 West Street, 37A New York, NY, on August 6, 2015 at 10:00 a.m. The deposition will be held in the office of MORELLI RATNER PLLP, located at 777 Third Avenue, 31st Floor, New York, NY 10017, before a notary public or some other officer authorized to administer oaths.

       PLEASE TAKE FURTHER NOTICE that the deponent BENJAMIN WEY shall bring to the above-mentioned deposition or produce in advance the materials listed below. If the materials were at any time in the past two months in Respondent's possession, but are no longer in Respondent's possession, Respondent shall provide a description of the materials and an explanation of how it came to be that they are no longer in Respondent's possession.

## DEFINITIONS

1. "Defendants" refers to Defendants NYG Capital LLC, d/b/a New York Global Group; FNL Media LLC; and Benjamin Wey, both individually and collectively.

2. "Documents" means all original writings of any nature whatsoever, and all nonidentical copies thereof, in your possession, custody or control, regardless of where located, and includes, but is not limited to, contracts, communications, reports, studies, summaries, memoranda, calendar or diary entries, and written notes, including personal notes, working papers, minutes, agendas, bulletins, notices, announcements, electronic mail transmissions (i.e., e-mail), instructions, charts, manuals, brochures, schedules, telegrams, teletypes, films, videotapes, photographs or negatives thereof, microfilms, microfiches, statutes, governmental or departmental orders or regulations, and any other documents. In all cases where originals and/or nonidentical copies are not available, "documents" also means identical copies or original documents of nonidentical copies.

3. "Person" means any natural person, corporation, and/or entity which acts through a natural person, and includes both the singular and the plural.

4. "Identify" or "identification" has the following meaning:

    (A) When used in reference to a person, it means to state the person's: (a) full name; (b) present business address, or if applicable, last known business address; (c) present home address, or if unavailable, last known home address; and (d) business or governmental affiliation and job title, or if unavailable, last known business or governmental affiliation job title;

    (B) When used in reference to a document, it means to state the type of document (e.g., letter, memorandum, telegram, chart) or some other means of identifying it, its author and originator, its date or dates, all addresses and recipients, its present location and custodian and any identifying marks, numerals, code words or letters distinguishing it from other like documents; if any such document was but is no longer in your possession or subject to your control, state what disposition was made of it; and

(C) When used in reference to a communication, it means to state the speaker, each person spoken to or who otherwise heard the communication, the date and place of communication, whether the communication was in person or by telephone and the substance of such communication with particularity, and to identify each document in which such communication was recorded or described or to which referred.

5. "Produce" means to produce for inspection and copying the document called for within thirty (30) days of service of the request herein at the offices of counsel for the party serving these interrogatories.

6. "And" and "or" as used herein are both conjunctive and disjunctive.

## DOCUMENT DEMANDS

1. All income tax returns filed by the Defendants for the previous four (4) years;
2. All documents referred to in any way, directly or indirectly, in any and all income tax returns filed by Defendants for the previous four (4) years.
3. All documents that constitute or refer in any way, directly or indirectly, to any and all books, records, or other memoranda of business or financial conduct, activities, status or income of the Defendants for the past four (4) years.
4. All documents that constitute or refer in any way, directly or indirectly, to any and all deeds, records or other documents which relate to assets in the name of Defendants.
5. All documents that constitute or refer in any way, directly or indirectly, to any records of salaries, commissions, bonuses, income from employment, allowances, expenses or any toher sums of money paid to Defendants or by Defendants within the previous four (4) years.
6. All documents that contain or refer in any way, directly or indirectly, to the name(s) and address(es) of the person or person who have custody of records of salaries, commissions, bonuses, allowances, expenses or any other sums of money paid to or by Defendants within the last four (4) years.
7. All documents referring in any way, directly or indirectly, to any items of personal property in which Defendants own or claim any interest.

8. All documents, items, and things referring in any way, directly or indirectly, to any and all accounts (business or personal bank, checking, savings, credit union or retirement accounts) in which Defendants have an interest.
9. All documents referring in any way, directly or indirectly, to the name and address or persons or entities to whom Defendants have given a financial statement in the last two (2) years.
10. All documents that constitute or refer in any way, directly or indirectly, to financial statements prepared by Defendants in the last four (4) years.
11. All documents containing or referring in any way, directly or indirectly, to the names and addresses of persons who have served as bookkeepers or financial advisers for the Defendants during the last four (4) years.
12. All documents referring in any way, directly or indirectly, to each person or entity to whom Defendants have paid, given or conveyed any real or personal property of a value more than $200.00 in the last four (4) years, not in the regular course of business.
13. All documents referring in any way, directly or indirectly, to any personal or real property which the Defendants have sold, given, paid, or otherwise conveyed during the last four (4) years.
14. All documents referring in any way, directly or indirectly, to any and all motorized vehicles (including automobiles, trucks, watercraft, aircraft and motorcycles) in which the Defendants claim an interest.
15. All documents referring in any way, directly or indirectly, to any and all persons or entities who have appraised any real or personal property for the Defendants during the last two (2) years.
16. All documents that constitute or refer in any way, directly or indirectly, to any appraisal of any real or personal property prepared for Defendants during the last two (2) years.
17. All documents that evidence or refer in any way, directly or indirectly, to the amount of money owed to the Defendants by any person or entity.
18. All documents referring in any way, directly or indirectly, to any legal cause of action, either real or anticipated, by or against the Defendants.
19. All documents referring in any way, directly or indirectly, to the anticipated amount of recovery in any legal cause of action, either real or anticipated, by Defendants.

20. All documents referring in any way, directly or indirectly, to any and all cash in any account owned or claimed by Defendants held or deposited with any bank or other financial institution(s).
21. All documents referring in any way, directly or indirectly, to any cash on hand for Defendants as of the date of the deposition.
22. All documents referring in any way, directly or indirectly, to any and all cash in any account owned or claimed by Defendants held or deposited with any bank or other financial institution(s).
23. All documents referring in any way, directly or indirectly, to any accounts payable owed by Defendants.
24. All documents that constitute or refer in any way, directly or indirectly, to any accounts receivable owed to Defendants.
25. All documents that constitute or refer in any way, directly or indirectly, to notes receivable held by Defendants or in which Defendants claims an interest.
26. All documents referring in any way, directly or indirectly, to shares of stock owned by the Defendants or in which the Defendants claims an interest.
27. All documents referring in any way, directly or indirectly, to bonds owned by the Defendants in which the Defendants claims an interest.
28. All documents referring in any way, directly or indirectly, to real estate that Defendants own or in which the Defendants claims an interest (including homestead).
29. All documents referring in any way, directly or indirectly, to property that the Defendants claims as homestead property.
30. All documents referring in any way, directly or indirectly, to any and all business in which one or more than one of the Defendants is a partner, officer, or principal owner.
31. All documents referring in any way, directly or indirectly, to any interest the Defendants may have in any businesses, partnerships, corporations or joint ventures.
32. All documents referring in any way, directly or indirectly, to any equipment that the Defendants own or in which the Defendants claim an interest.
33. All documents referring in any way, directly or indirectly, to mortgage(s) upon which the Defendants are liable.
34. All documents referring in any way, directly or indirectly, to accounts payable by the Defendants, including account name(s), original amount, person or entity to whom due, balance owing, payments, maturity and collateral.

35. All documents referring in any way, directly or indirectly, to accounts payable by the Defendants or in which the Defendants claim an interest.
36. All documents referring in any way, directly or indirectly, to any other unpaid taxes for which the Defendants are liable except for those already listed with regard to real estate.
37. All documents referring in any way, directly or indirectly, to any assets held in trust, in an estate or in any other name or capacity in which the Defendants claim an interest.
38. All documents referring in any way, directly or indirectly, to any assets that were owned or claimed by Defendant Wey's spouse before marriage, acquired by Defendant Wey's spouse during marriage by gift or inheritance, or recovered for personal injuries sustained by the Defendant Wey's spouse during marriage or received in any settlement or judgment pertaining to divorce.
39. All documents referring in any way, directly or indirectly, to assets, except real estate, that are securing any debt for which the Defendants are liable.
40. All documents referring in any way, directly or indirectly, to the Defendants' obligations to pay the leases, notes or other debts of any other person or entity.
41. All documents referring in any way, directly or indirectly, to any unsatisfied judgments against the Defendants for which the Defendants are liable.
42. All documents referring in any way, directly or indirectly, to any filing in bankruptcy by the Defendants or any assignment by the Defendants for the benefit of creditors.
43. All documents referring in any way, directly or indirectly, to any dividends payable to the Defendants or in which Defendants claim an interest.
44. All documents referring in any way, directly or indirectly, to any interest payable to the Defendants or in which the Defendants claim an interest.
45. All documents referring in any way, directly or indirectly, to any royalties payable to the Defendants or in which the Defendants claim an interest.
46. All documents referring in any way, directly or indirectly, to any personal or business expense of the Defendants (management, rent, household, etc.).
47. All documents referring in any way, directly or indirectly, to any insurance payments Defendants may have or any insurance payments due to Defendants.
48. All documents referring in any way, directly or indirectly, to any other assets not already divulged by Defendants pursuant to this document request.
49. All documents referring in any way, directly or indirectly, to any other liabilities not already divulged pursuant to this document request.

50. All documents referring in any way, directly or indirectly, to any outstanding contracts for which Defendants are entitled to receive a commission, and/or upon which Defendants claim a right to receive a commission, whether a partial commission or complete commission.
51. Any will executed but not revoked in writing by Defendant Wey.
52. All documents referring to any divorce of Defendant Wey within the last four (4) years.
53. All documents evidencing safety deposit boxes, lock boxes, and storage facilities of any kind to which Respondent has access.
54. All check stubs, cancelled checks and bank statements for the previous two (2) years for accounts in which Defendants claims an interest.
55. All documents evidencing any trusts and the assets contained therein for trusts of which Defendant Wey is a grantor, beneficiary, or trustee.
56. All documents evidencing any trusts and the assets contained therein for trusts of which Defendant NYG Capital LLC, d/b/a New York Global Group is a grantor, beneficiary, or trustee.
57. All documents evidencing any trusts and the assets contained therein for trusts of which Defendant FNL Media LLC is a grantor, beneficiary, or trustee.
58. Respondent's stock certificates evidencing his ownership in New York Global Group and all corporate records of said corporation.
59. Respondent's stock certificates evidencing his ownership in FNL Media LLC and all corporate records of said corporation.
60. Respondent's stock certificates evidencing his ownership in EMTC Group, Inc. and all corporate records of said corporation.
61. Respondent's stock certificates evidencing his ownership in Evertrust Sagl, (www.evertrust.ch) and all corporate records of said corporation.
62. Respondent's stock certificates evidencing his ownership in Sconset Strategies and all corporate records of said corporation.
63. Respondent's stock certificates evidencing his ownership in Six Dimensions and all corporate records of said corporation.
64. Respondent's stock certificates evidencing his ownership in CleanTech Innovations, Inc. and all corporate records of said corporation.
65. Respondent's stock certificates evidencing his ownership in Initial Koncepts, Inc. and all corporate records of said corporation.

66. Respondent's stock certificates evidencing his ownership in FIKA and all corporate records of said corporation.
67. Respondent's stock certificates evidencing his ownership in Cambridge Alliance Capital and all corporate records of said corporation.
68. Respondent's stock certificates evidencing his ownership in Radnor Research and Trading Company and all corporate records of said corporation.
69. Respondent's stock certificates evidencing his ownership in Cash Franklin Group and all corporate records of said corporation.
70. All documents evidencing Respondent's ownership interest in the limited partnership known as New York Global Group.
71. All documents evidencing Respondent's ownership interest in the limited partnership known as FNL Media.
72. All documents evidencing Respondent's ownership interest in the limited partnership known as EMTC Group.
73. All documents evidencing Respondent's ownership interest in the limited partnership known as Evertrust Sagl (www.evertrust.ch).
74. All documents evidencing Respondent's ownership interest in the limited partnership known as Sconset Strategies.
75. All documents evidencing Respondent's ownership interest in the limited partnership known as Six Dimensions.
76. All documents evidencing Respondent's ownership interest in the limited partnership known as Initial Koncepts, Inc.
77. All documents evidencing Respondent's ownership interest in the limited partnership known as FIKA.
78. All documents evidencing Respondent's ownership interest in the limited partnership known as Cambridge Alliance Capital.
79. All documents evidencing Respondent's ownership interest in the limited partnership known as Radnor Research and Trading Company.

80. All documents evidencing Respondent's ownership interest in the limited partnership Cash Franklin Group.

Dated: July 24, 2015

David S. Ratner, Esq.
**MORELLI RATNER PLLP**
*Attorney for Judgment-Creditor*
777 Third Avenue, 31st Floor
New York, New York 10017
Tel: (212) 751-9800