UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: *10/9/15*

HANNA BOUVENG,

                                   *Plaintiff*,                CASE NO.: 14-CV-5474 (PGG)(DCF)

          -against-

NYG CAPITAL, LLC, *et al.*,

                                   *Defendants*.

------------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff Hanna Bouveng ("Plaintiff") and Defendants NYG Capital, LLC,

Benjamin Wey, and FNL Media, LLC (collectively, "Defendants"), i.e., all the parties to this

action (collectively, the "Parties" and individually a "Party") request that this Court issue a

protective order pursuant to the Federal Rule of Civil Procedure, R. 26(c) to protect the

confidentiality of non-public and sensitive financial information that they may need to disclose

in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored

confidentiality order governing the post-trial phases of this action (the "Action");

IT HEREBY IS ORDERED THAT, the following Protective Order shall govern the

disclosure of certain information in these proceedings;

1.     This Protective Order (hereinafter, the "Order") shall govern all materials

produced in this Action related to or concerning the Parties, regardless of whether produced

voluntarily, informally or pursuant to a formal discovery request, or by a Party or non-Party to

this Action, where non-Party, shall be defined as any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.      Control and dissemination of all discovery materials covered by the Order shall be the joint and several responsibilities of the attorneys of record for the receiving Party in the Action and the receiving Parties themselves.

3.      As used herein, "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material" shall mean all material designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material.  HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material may include any type or classification of information which is so designated by the producing Party in accordance with the provisions of this Order, or is otherwise deemed HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material hereby, whether it be documents, information contained in any document, deposition and hearing testimony, information revealed during a deposition or hearing, interrogatory answers, responses to information subpoenas, information contained or revealed in any responses to interrogatories or information subpoenas, and any other responses, objection, or refusal to respond to a request for post-trial discovery and the reasons therefor to the extent that they reveal information designated by the party producing such information as HIGHLY CONFIDENTIAL under the terms of this Order.

4.      Notwithstanding anything to the contrary which may be contained herein, all information which is produced, exchanged, adduced, turned over or exchanged henceforth in the post-trial phase of this Action, regardless of whether done so voluntarily, informally or pursuant to a formal discovery request, and regardless of whether done so by a Party or non-Party to this Action, shall automatically be designated HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY.      This shall include, without limitation, documents, information contained in any

document, deposition and hearing testimony, information revealed during a deposition or hearing, interrogatory answers, responses to information subpoenas, information contained or revealed in any responses to interrogatories or information subpoenas, and any other responses, objection, or refusal to respond to a request for post-trial discovery and the reasons therefore.

5.     HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material shall not be given, shown, made available or communicated in any way to the Parties or to any person or entity other than the following:

a.     The Court, Court personnel assisting the Court, and stenographers or other persons involved in taking or transcribing testimony in this Action;

b.     Counsel representing the Parties, and their respective litigation assistants, paralegals, secretarial or other clerical personnel;

c.     The original Authors or recipients of the designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material;

d.     to the extent permitted, a witness at any deposition in the Action (including preparation for such deposition), and such witness's counsel, provided that before providing any HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY Material to any person or entity pursuant to this sub-paragraph, such person shall be provided with a copy of this Order, and shall thereafter be bound by this Order; to the extent the witness is covered by any other subsection to this paragraph, the provisions of this subsection shall not apply; and

e.     Such other persons or entities as the Court may order, or as may be agreed to by the parties.

6.     Notwithstanding anything to the contrary that may be contained herein, the Parties and their attorneys acknowledge that the primary purpose of automatically designating all information produced in the post-trial phase of this Action as HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY Material is to prevent its dissemination to the press and other media outlets. As such, the Party who has violated this Order where such violation has resulted

in disclosure of HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY Material to the press, shall indemnify any person damaged by such disclosure.

7. In the event that any information that is HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY has already been supplied to any individual who is not authorized to have access to them under the terms of this Order, counsel for a Party shall provide to the opposing Party and their counsel a list of all individuals and entities who reviewed, received, or had access to any of the documents, the time, place and manner of such review, receipt, and access, and shall also ensure that originals and copies of such material are returned to the Parties who originally authored or received the information forthwith and destroyed.

8. Counsel shall not disclose HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material to a witness testifying at a deposition, or during the process of preparing that witness for a deposition except in strict conformity with the provisions of this Order. If, during the course of any deposition, to the extent permitted, (a) an attorney of record for any party desires to make inquiry into HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material, or (b) an attorney of record for Defendants assert that an answer to a specific inquiry is subject to the foregoing HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY designation, the attorney shall make such inquiry only in the presence of those persons authorized to have access to such HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material. Such testimony shall be considered HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material, and the Parties hereto shall treat it as subject to the provision for disclosure set forth herein.

9.       All testimony elicited during depositions shall be presumptively designated and automatically deemed HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY and shall be treated in accordance with the provisions of this Order.

10.      Any court reporter who transcribes testimony in this Action at a deposition, to the extent permitted, shall be provided a copy of this Order and shall thereafter ensure that all HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material is and shall remain confidential and shall not be disclosed except as provided under this Order and copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such court reporter or shall be delivered to an attorney of record or filed with the Court under seal.

11.      No HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material will be filed with the Court unless it is filed under seal. The Party desiring to file materials under seal may move for an order to file under seal. Unless otherwise agreed to by counsel for Parties, to comply with this requirement, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material must be filed in sealed containers labeled with: (1) the title to this action; (2) the general nature of the contents; (3) the words HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, as appropriate; and (4) a statement substantially in the following form (or such other form or manner as the Clerk of the Court shall require): The contents hereof include highly confidential information filed in this case by [name of filing party] in accordance with a Protective Order entered in this case on [date]. This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case. Counsel for the Parties may open service copies of this envelope or container subject to the

provisions of the Order. The materials so filed shall be impounded until thirty (30) days after the entry of final decree in the Action, including any applicable appeal period, at which time the Parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

12.    In the event anyone shall inadvertently disclose HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material to another Party or third party not otherwise permitted to receive such HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material, the party making the inadvertent disclosure shall, upon learning of the disclosure:

    a. Notify the person or entity to whom the disclosure was made that the disclosure contains HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material protected by this Order on the same day that the party discovers the inadvertent disclosure;

    b. Promptly make all necessary efforts to obtain the return of and preclude dissemination or use of the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material by the person or entity to whom disclosure was inadvertently made; and

    c. Notify the opposing Party, in writing, on the same day that the disclosing party discovers the inadvertent disclosure, of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to ensure against further dissemination or use of the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material.

13.    Nothing contained in this Order shall preclude, or be deemed to preclude, any Party from asserting the attorney-client or other privilege and/or work product protection as to any document or other material.

14.    Nothing in this Order shall preclude any party from using HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material at any hearing in this Action providing that the information is filed under seal in accordance with the terms of this Order and

that the only persons present in the Courtroom are individuals who are permitted to have access to the Material under this Order.

15.     The furnishing of any particular document or other material, whether or not it is designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material, shall not constitute, or be deemed to constitute, a waiver of any attorney-client or other privilege or any work product protection as to any other document or other material.

16.     In addition to the terms set forth in the Order, all Parties shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers and records, and any other "personally identifiable information," as defined by applicable laws or regulations.

17.     If a Party is served with a subpoena, deposition, interrogatory, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," that Party must:

> (a) Promptly notify in writing the other Parties. Such notification shall include a copy of the subpoena, deposition notice, interrogatory or court order;
>
> (b) promptly notify, in writing, the Party who caused the subpoena, deposition notice, or order to issue in the other litigation that some or all of the material covered by the subpoena, deposition notice, or order is subject to this Order. Such notification shall include a copy of this Order; and
>
> (c) cooperate with respect to all reasonable procedures sought to be pursued by the Party whose HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY Material may be affected.

If the Party who produced the HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY Material timely seeks a protective order, the Party served with the subpoena, deposition notice, interrogatory, or court order shall not produce any information designated in this Action as

HIGHLY CONFIDENTIAL — ATTORNEYS OYES ONLY before a determination by the court from which the subpoena, notice of deposition, or order issued.

18. This Order shall remain in full force and effect until further order of this Court. In conjunction with the closing of this matter, counsel for each Plaintiff shall file a motion which will set forth the treatment of HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Material in the Plaintiff's possession, which treatment shall include their efforts to (a) destroy it, (b) return it to the person or entity who provided it, and/or (c) appropriately secure it in accordance with industry standards at the time.

19. In the event anyone shall violate, or threaten to violate, any terms of this Order, any Party having standing, may apply to this Court, consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court, to obtain injunctive relief against any such person or entity **AND PUNISH SUCH INDIVIDUAL OR ENTITY FOR CONTEMPT OF COURT**. In the event a motion for injunctive relief is filed that alleges a violation or a threat to violate this Order or any motion is otherwise filed seeking to enforce any part of this Order, the Parties in this Action unconditionally consent to entry of a temporary restraining order that mandates the Party or non-Party that is alleged to have violated the Order or threatened to violate this Order to quarantine, or cause to be quarantined in a manner that prevents those not authorized to have access to Highly Confidential-Attorneys Eyes Only Material from having access to such Material pending the hearing and determination of such motion.

20. In the event that a Court determines that this Order has been violated or that anyone has threatened to violate it, **IN ADDITION TO PUNISHING THE VIOLATING PARTY FOR CONTEMPT** and any other remedies available to the Court under applicable laws and Court rules, the party who has violated the Order or threatened to violate the Order,

including any individuals responsible for such disclosure or threat if the disclosing party is not a

natural person, shall pay the reasonable attorneys' fees, costs and expenses incurred by any Party

or Non-Party in enforcing the provisions of this Order.

DATED: September 25, 2015

MOREILLI RATNER, PC

By:

David S. Ratner, Esq.
777 Third Avenue, 31st Floor
New York, NY 10017
Tel: 212.751.9800
*Attorneys for Plaintiff*

DATED: September 25, 2015

OVED & OVED LLP

By:

Edward C. Wipper, Esq.
401 Greenwich Street
New York, NY 10013
Tel: 212.226.2376
*Attorneys for Defendants NYG Capital, LLC,
Benjamin Wey, and FNL Media, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Pauls Donofle        Oct. 8, 2015

Hon. Paul G. Gardephe, U.S.D.J.