USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec. 7, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
HANNA BOUVENG, :
:
                Plaintiff, : **OPINION AND ORDER**
:
       -v- : 14-CV-5474 (PGG) (JLC)
:
NYG CAPITAL LLC, *et al.*, :
:
                Defendants. :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      This opinion addresses the failure of plaintiff's counsel, Benedict P. Morelli, Esq., to attend a settlement conference before the Court on November 13, 2017 in violation of two court orders. In response to the Court's order to show cause why he should not be sanctioned for this conduct, plaintiff's counsel has responded by stating that he did not intend to disrespect the Court's authority by his non-appearance but believed it was in his client's best interests not to attend given certain actions taken by defendants' counsel shortly before the settlement conference. However, it is for the Court and the Court alone to determine whether to adjourn a settlement conference. A party may not unilaterally cancel a court-ordered settlement conference. Accordingly, the Court concludes that sanctions against plaintiff's counsel are appropriate, and, for the reasons discussed below, he is directed to pay $6,250 to counsel for defendants and $1,000 to the Clerk of the Court.

I.

      The following chronology of events is recited in order to provide context for the Court's decision to sanction plaintiff's counsel.

By letter dated October 12, 2017 (Dkt. No. 346), the parties jointly requested that the assigned district judge, the Honorable Paul G. Gardephe, refer this case to me for a settlement conference. Judge Gardephe thereafter issued an amended order of reference on October 13, 2017 (Dkt. No. 347).[1]

On October 16, 2017, the Court issued an order scheduling a settlement conference for November 13, 2017 at 10:00 a.m. and calling for the submission of *ex parte* settlement letters and acknowledgement forms to the Court by November 6 (Dkt. No. 348).[2]

Plaintiff's counsel, by letter dated October 26 (sent by email), requested that plaintiff be permitted to attend the conference by telephone rather than in person, and defendants opposed that application in a letter (also sent by email) dated October 27. After a telephone conference on October 31, the Court ordered that plaintiff could attend the settlement conference by telephone as long as she was available to come to the courthouse on the day of the conference should the need arise (such as to put the terms of a settlement on the record).

Defendants timely submitted their *ex parte* settlement letter and acknowledgement form on November 6. The letter was eight pages, single-spaced.

On November 6, plaintiff's counsel requested (by email), and was granted, leave to file plaintiff's *ex parte* settlement letter no later than 5 p.m. on November 10 (a court holiday).

On November 9, plaintiff filed her acknowledgement form, and on November 10, at 12:38 p.m., submitted her *ex parte* settlement letter.

On November 10, at 5:25 p.m., by email, Perry Fallick, Esq., an associate at the Morelli Law Firm LLC, counsel for plaintiff, wrote "to inform [the Court] that do [sic] to the unexpected

---

[1] The Court had held a settlement conference with the parties in 2015.

[2] Due to a conflict in the Court's schedule, the conference start time was subsequently moved from 10:00 a.m. to 2:30 p.m.

actions this afternoon of Defendants' new counsel, Catafago Fini LLP, Plaintiff is no longer willing to participate in the settlement conference on Monday at 2:30 p.m. Our office will be available Monday morning if you would like further information, but our position is that the settlement conference will no longer be moving forward."

The Court subsequently scheduled a telephone conference for that Friday evening, November 10, at which Fallick appeared for plaintiff and Glenn Colton, Esq., and Thomas Fini, Esq., appeared for defendants, at the conclusion of which the Court made clear that the settlement conference was to proceed on November 13 at 2:30 p.m.[3]

On November 13 at 11:56 a.m., the Court received the following email from Morelli: "After speaking with Mr. Colton on Friday, assessing the actions of Mr. Wey's new attorney Mr. Fini and speaking with my associate Perry Fallick, I have decided, calmly, to not participate in any mediation. I cannot be persuaded otherwise especially because my client and I are not interested in a partial settlement involving only the contract action. I trust you appreciate my position."

In response to Morelli's letter, the Court responded by email as follows: "Dear Counsel: The settlement conference will proceed at 2:30 p.m. All clients must be available to participate. Failure to attend may result in sanctions. Judge Cott." The Court simultaneously issued an order (Dkt. No. 353) indicating that the settlement conference would proceed and putting counsel on notice that "[f]ailure to attend the conference will be considered a violation of a court order and may result in sanctions, including contempt."

Following the issuance of the Court's order, Morelli contacted the Court by telephone and took issue with the Court's order, and then hung up on the Court.

---

[3] Colton is defendants' outgoing counsel and Fini is defendants' incoming counsel.

At 2:28 p.m., Morelli filed a letter (Dkt. No. 354) characterizing the Court's order as "inaccurate and misleading," expressing his "opinion that [the] Order was issued purposefully with the intent to make [his] client and [him] look bad," and stating that he and his client would not attend the settlement conference.

At 2:30 p.m., defendants and their counsel appeared in court for the settlement conference but Morelli and Fallick did not appear.

After waiting for 30 minutes, the Court went on the record with a court reporter and recited the history of these events as set forth herein and advised the defendants and their counsel that the Court intended to issue an order to show cause regarding sanctions. Subsequently, the Court ordered plaintiff's counsel to show cause why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the inherent powers of the Court for failure to attend the conference and his violation of at least two court orders: the October 16 Order Scheduling Settlement Conference and the November 13 Order reaffirming that the conference would proceed (Dkt. No. 355). The Court gave plaintiff's counsel until November 20 to submit any memoranda of law, affidavits, or other evidence in response to the order to show cause, including any case law standing for the proposition that a party may unilaterally cancel a court-ordered settlement conference. Among the submissions, the Court required a sworn statement from plaintiff personally attesting that she was, in fact, present in New York City on November 13 in order to participate in the settlement conference. The Court also permitted defendants' counsel to make any submission regarding potential sanctions by November 20 as well, including, but not limited to, one regarding the fees incurred in their preparation for, and attendance at, the settlement conference.

II.

A.

On November 17, Morelli submitted a 30-paragraph declaration in response to the order to show cause. Declaration of Benedict P. Morelli, Esq., dated November 17, 2017 ("Morelli Dec.") (Dkt. No. 358). In his declaration, Morelli argued that no sanctions of any kind would be appropriate in these circumstances. *Id*. at ¶ 2. He asserted that he did not intend to "disrespect the authority of [the] Court or your Honor," and that his "actions were solely a response to the uncalled for aggressive tactics of the Defendants." *Id*. at ¶ 3. Morelli invoked his "duty to protect [his] client's best interests, no matter the circumstance," and added that the decision not to attend the conference was his alone. *Id.* at ¶¶ 3-4.

In his declaration, Morelli expressed his view that "because Plaintiff had voluntarily agreed to participate in the settlement conference[,] . . . Plaintiff could cancel the settlement conference should circumstances change." *Id*. at ¶ 5. Morelli then summarized certain actions taken by defendants' incoming counsel, the Catafago Fini law firm, which he construed to indicate that defendants and their new counsel were "insincere about their potential interest in settling the underlying lawsuit or participating in the settlement conference in good faith." *Id.* at ¶ 14.

Morelli then recounted his version of the events immediately preceding the settlement conference, including the Friday afternoon email from his associate Perry Fallick and the Friday evening call with the Court, in which Fallick had made clear that the actions taken by the Catafago Fini law firm had "poisoned the well," making a "successful settlement conference

impossible." *Id*. at ¶ 24.⁴ Nonetheless, Morelli acknowledged that, as of Friday evening, the Court had "declined to cancel the settlement conference." *Id*. Morelli also reviewed the email he sent to the Court on Monday morning, November 13, confirming that plaintiff no longer wanted to participate in the conference and the reasons therefor. *Id*. at ¶ 25. Morelli then concluded that "[a]t that point, the Court and defense counsel were aware through 3 separate advisories that Plaintiff would not be attending the settlement conference that had been sabotaged by the Defendants and their new counsel." *Id*. at ¶ 26.

Morelli ended his declaration with the following:

> I regret any misunderstanding with the Court or your Honor, or any disrespect your Honor may have perceived. I take zealous advocacy as one of my foundational principles. I never intended that it be disrespectful and regret that the Court may have interpreted it as such. My actions were in no way meant to disrespect your Honor, but only meant to do what I felt was best for my client.

*Id*. at ¶ 27.

Counsel also filed a declaration from the plaintiff reporting that she had been physically present in New York City on November 13 in order to participate in the settlement conference and that she had "agreed to follow the advice of [her] attorneys and cancel the previously scheduled settlement conference." Declaration of Hanna Bouveng dated November 16, 2017 ("Bouveng Dec."), at ¶ 9.⁵

---

⁴ Fallick submitted his own declaration in response to the order to show cause as well, recounting his version of the events of November 10, including the telephone conference with the Court. Declaration of Perry Fallick, Esq., dated November 17, 2017 (Dkt. No. 359).

⁵ On November 14, after the order to show cause had been issued, Morelli requested by letter a telephone conference with the Court (Dkt. No. 356). The Court denied the request without prejudice to renewal once plaintiff's counsel filed his response to the order to show cause, because the application did not identify a reason that such a conference should take place at that time (Dkt. No. 357). Morelli has now renewed his request for a telephone conference, and would like to speak with the Court *ex parte* (Dkt. No. 371). Morelli has still not provided a reason for

B.

Outgoing counsel for defendants filed a letter dated November 20, 2017 ("Colton Letter") in response to the order to show cause (Dkt. No. 361). In his letter, Colton, *inter alia,* advised the Court that defendants' fees for preparing for the settlement conference (largely drafting and editing the required *ex parte* mediation statement) consisted of the time costs for Julie Singer (an associate billed at the rate of $385/hour) of $4,812.25[6] and his own time costs (as a partner billed at the discounted rate of $500) of $2,650 for a total in preparation fees of $7,462.50. Colton Letter at 1-2. In addition, Colton reported that the fees for attending the aborted settlement conference are time costs for himself of $1,250 (2.5 hours including travel time to and from the courthouse of one hour). Thus, the total cost to defendants related to the conference was $8,712.50.

III.

A.

A court may not require litigants to settle an action. *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985). However, "it is well-established that a court may require parties to appear for a settlement conference, and that it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) [of the Federal Rules of Civil Procedure] if a party fails to do so." *Mordechai v. St. Luke's-Roosevelt Hosp. Ctr.*, No. 99-CV-3000 (RWS) (THK), 2001 WL 699062, at *2 (S.D.N.Y. June 20, 2001); *see, e.g., Sosinsky v. Chase Manhattan Bank,* No. 99-CV-0043 (JGK), 1999 WL 675999, at *2 (S.D.N.Y. Aug. 31, 1999) (upholding magistrate judge's imposition of sanctions

---

the telephone conference – neither in the two letters he submitted, nor in his declaration. Accordingly, the Court does not believe there is a basis to schedule a telephone conference, *ex parte* or otherwise. Morelli has been given ample opportunity to set forth his response to the order to show cause and has submitted his own declaration, as well as two other declarations.

[6] It appears this number should be $4,812.50, not $4,812.25.

for failure to appear at settlement conference); *Dan River, Inc. v. Crown Crafts, Inc.,* No. 98-CV-3178 (LMM) (AJP), 1999 WL 287327, at *2 (S.D.N.Y. May 7, 1999) ("[T]he [c]ourt has the power under Rule 16 to require a party to appear for at least one settlement conference. A party cannot be allowed to flout such an order."); *Francis v. Women's Obstetrics & Gynecology Grp. P.C.,* 144 F.R.D. 646, 647 (W.D.N.Y. 1992) ("It is, of course, well-established that a district court cannot coerce parties to settle. However, a court may direct a party or a party's attorney to attend a settlement conference. That authority is specifically provided for in Rule 16(a), Fed. R. Civ. P. . . . To ensure compliance, the court may also sanction a party or a party's attorney for not complying with [such an] order.") (citations omitted).

In addition, "[i]t is well settled that a magistrate judge has the authority to issue an order containing sanctions in connection with a matter that has been properly referred to the magistrate judge." *Sosinsky*, 1999 WL 675999, at *2; *see, e.g.*, *Malave v. Nat'l Pension Fund,* No. 92-CV-3824 (DC), 1996 WL 175090, at *3-4 (S.D.N.Y. April 15, 1996), *aff'd*, 125 F.3d 844 (2d Cir. 1997); *Arons v. Lalime,* 167 F.R.D. 364, 368–69 (W.D.N.Y. 1996); *Softel, Inc. v. Dragon Med. and Sci. Commc'ns, Inc.,* No 87-CV-0167 (JMC), 1990 WL 164859, at *5 (S.D.N.Y. Oct. 24, 1990).

"Pursuant to Federal Rule of Civil Procedure 16(f) and its inherent power, a . . . court may issue an order imposing sanctions on a party or his attorney for 'failing to appear at a scheduling or other pretrial conference' or 'failing to obey a scheduling or other pretrial order.'" *Xu v. UMI Sushi, Inc.,* No. 15-CV-4710 (RJS), 2016 WL 3523736, at *3 (S.D.N.Y. June 21, 2016) (citing Fed. R. Civ. P. 16(f)) (alterations omitted); *see, e.g.*, *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) (a court has inherent power to sanction an attorney "for disobeying the court's orders"); *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369-372 (E.D.N.Y. 2013) (sanctioning plaintiff's counsel $3,500 pursuant to Rule 16(f) for "failure to comply with

multiple court orders"); *McConnell v. Costigan*, No. 00-CV-4598 (SAS), 2002 WL 313528, at *15 (S.D.N.Y. Feb. 28, 2002) (imposing sanction of $1,000 for, in part, failure to comply with court's prior scheduling order and delay ).

"[A]ppropriate sanctions" imposed pursuant to Rule 16(f) and the court's inherent sanctions power "include a fine payable to the Clerk of the Court." *Xu*, 2016 WL 3523736, at *4 (citing *Woo v. City of New York*, No. 93-CV-7007 (AJP) (HB), 1996 WL 284930, at *2 (S.D.N.Y. May 29, 1996)); *see, e.g., Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 337561 at *2 (S.D.N.Y. Jan. 23, 2015) (requiring defendant's counsel pay $3,000 to Clerk of the Court and $1,000 to plaintiff's counsel "to compensate him for the time and resources spent preparing for and attending the aborted [pretrial] conference as well as his subsequent communications with the [c]ourt."); *Kerestan v. Merck & Co. Long Term Disability Plan*, No. 05-CV-3469 (BSJ) (AJP), 2008 WL 2627974, at *1 (S.D.N.Y. July 2, 2008) (imposing $3,400 sanction against plaintiff pursuant to "Rule 16(f) and the [c]ourt's inherent authority," to be paid to Clerk of the Court, for failure to appear at scheduled court conference); *Mordechai*, 2001 WL 699062 at *2 (requiring that plaintiff pay monetary sanctions to both defendant's counsel and Clerk of the Court, where plaintiff's failure to appear at two settlement conferences "ha[d] wasted not only opposing counsel's time, but also that of the [c]ourt"); *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (noting that "[d]ue regard for the need to vindicate the public interest in the sound administration of justice" warrants "the imposition of a fine, payable to the Clerk of the Court," and that "purpose" of such fine "imposed upon an offending attorney" is "essentially punitive and deterrent"). Indeed, the Supreme Court has stated that "sanctions for violation of . . . scheduling orders 'must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who

9

might be tempted to such conduct in the absence of such a deterrent.'" *Miltope Corp.*, 163 F.R.D. at 194 (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980)) (alterations omitted).

B.

The Court is reluctant to impose sanctions, but believes it has no choice in this case. Morelli's violation of two court orders was flagrant and knowing, and even if done with a client's interest in mind and without any intent to disrespect the Court, these motives are no excuse for failing to appear at the settlement conference in these circumstances.

It should go without saying that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Hnot v. Willis Grp. Holdings Ltd.,* No. 01-CV-6558 (GEL), 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006) (citing *Goewey v. United States,* 886 F. Supp. 1268, 1283 (D.S.C. 1995)). But that is exactly what Morelli did in this case, and he did so more than once. The Court issued a scheduling order for a settlement conference on October 16. That was a court order and it required the parties to attend a settlement conference on November 13. That order was never vacated. Morelli's failure to attend the conference was thus a violation of a court order.

Morelli also violated the Court's order issued on November 13, which explicitly reaffirmed that the settlement conference would proceed that afternoon. Moreover, the Court's order put Morelli on notice that he could face sanctions if he failed to attend.

If Morelli believes that an attorney may unilaterally cancel a court-ordered settlement conference, as his submission to the Court suggests, he is mistaken. An attorney has no authority to cancel a settlement conference; that is for the court alone to do. Morelli's actions here are particularly egregious because on the eve of the settlement conference, Friday November 10, the Court held a telephone conference (after business hours and on a court holiday) for the purpose of determining whether the conference should, in fact, proceed on Monday November 13.

Despite the late hour, all involved counsel were able to participate in a telephone conference with the Court.[7] The upshot of the conference was an unequivocal instruction to counsel that the settlement conference would proceed as scheduled on Monday afternoon.

Despite the fact that the Court, after hearing from all counsel on the Friday night call, had decided to proceed, Morelli emailed the Court less than three hours before the conference on Monday to inform the Court that he had "decided, calmly, to not participate in any mediation" and could not "be persuaded otherwise." Morelli seemed to continue to operate under the belief that he could announce his non-appearance and that would be the end of the conference. He attempts to justify his conduct by contending that he takes "zealous advocacy" as one of his "foundational principles," and that he "only meant to do what [he] felt was best for his client." Morelli Dec. ¶ 27.[8] While the Court has no doubt that Morelli believed he was acting in the best interest of his client, it nonetheless finds that, in disregarding the Court's orders, Morelli abdicated his responsibilities as an officer of the court. Moreover, it represented a significant inconvenience to the Court to have prepared for (and held open a block of time for) a settlement conference only to have been forced to adjourn it due to the unilateral withdrawal of plaintiff and her counsel. There must, accordingly, be consequences for these violations.

---

[7] Fallick represented the plaintiff on this call. Colton and Fini both participated as well.

[8] It is worth noting that "zealous advocacy" would not justify Morelli's actions under the New York State Rules of Professional Conduct, which the Court looks to under its Local Rules. *See* S.D.N.Y. Local Rule 1.5(b)(5). The concept of zealous advocacy is no longer enshrined in the rules of professional conduct, as it once was. *Compare* N.Y. Rules of Prof'l Conduct Rule 1.3 cmt. 1 (2017) ("A lawyer must also act with commitment and dedication to the interests of the client and *in advocacy* upon the client's behalf.") (emphasis added), *with* N.Y. Model Code of Prof'l Responsibility Canon 7 ("A Lawyer Should Represent a Client Zealously Within the Bounds of the Law"), and DR 7-101 ("Representing a Client Zealously") (N.Y. Bar Ass'n) (repealed by N.Y. Rules of Prof'l Conduct, 2009); *see also* Steven C. Krane and David A. Lewis, *In with the Rules, Out with the Code*, 81 N.Y. St. B.J. 24, 26 (June 2009) ("The world 'zeal' has been totally eliminated from the [New York] Rules and replaced by the concept of 'diligence.'").

The Court believes monetary sanctions in the form of defense counsel's fees for preparation for and attendance at the conference are appropriate. However, the Court believes that the 17.8 hours that two attorneys billed for preparing the *ex parte* settlement letter were slightly excessive and, accordingly, finds it appropriate to reduce the amount sought by defense counsel.[9] In its discretion, the Court directs that counsel for plaintiff reimburse Colton and his firm in the amount of $5,000 for the work related to the letter and $1,250 for attendance at the conference for a total of $6,250.

In addition, the Court concludes that in evaluating the totality of the circumstances here, a fine is also appropriate. Accordingly, the Court directs that plaintiff's counsel pay a fine of $1,000 to the Clerk of the Court.

IV.

For all these reasons, the Morelli Law Firm is directed to pay the sum of $6,250 to the Dentons law firm, and to pay $1,000 to the Clerk of the Court. These payments should be made no later than 14 days from the date of this Opinion and Order.

**SO ORDERED.**

Dated: New York, New York
December 7, 2017

_____
JAMES L. COTT
United States Magistrate Judge

---

[9] By the Court's calculation, associate Julie Singer worked 12.5 hours ($4,812.50 at a rate of $385/hour) and partner Glenn Colton worked 5.3 hours ($2,650 at a (reduced) rate of $500/hour) for a total of 17.8 hours.