**CATAFAGO FINI LLP**

*Attorneys at Law*

The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

December 27, 2017

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

Re:   Bouveng v. NYG Capital, LLC, et al., 14 Civ. 5474 (PGG)
      Defendants' Response to Plaintiff's Pre-Motion Letter (Doc. 385)

Dear Judge Gardephe:

The Defendants submit this letter in response to the December 21, 2017 pre-motion letter of the Morelli Law Firm PLLC (Doc. 385), requesting a pre-motion conference regarding its anticipated motion to dismiss the third-party claims against it and its predecessors (collectively, "the Morelli Law Firm").

Having already conducted a two-week trial in which the Plaintiff obtained a jury verdict that determined actual damages based, among other evidence, on certain Internet postings about her, the Plaintiff on October 10, 2017 filed a Third Amended Complaint (Doc. 345) now seeking yet another $2.4 million in "liquidated damages." The Plaintiff asserts that she is entitled to these additional damages under an August 28, 2014 agreement (the "Agreement") that Plaintiff maintains prohibited both sides from posting items on the Internet about each other. To date, the Plaintiff has refused to identify what postings she is now suing under, presumably because if they are identical or nearly identical to the articles that were already submitted to the jury, the claim will be revealed to seek impermissible duplicative damages. *Agerbrink v. Model Service LLC*, 196 F. Supp. 3d 412, 417-18 (S.D.N.Y. 2016) ("liquidated damages and actual damages are mutually exclusive under New York law").

Although Plaintiff's tag-along breach of contract claim suffers from many defects, one thing is clear: if the Plaintiff is able to maintain a breach of contract claim because Defendants allegedly posted about her, certainly the Defendants have the same right to assert breach of contract claims under the very same Agreement, because the Plaintiff and her law firm themselves breached the same Agreement by posting about the Defendants. In addition, as explained below, the Morelli Law Firm completely ignores that there are 5 causes of action asserted against it, yet its pre-motion letter only specifically addresses one of those 5 claims in somehow demanding full dismissal from the action.

It is undisputed that Plaintiff's law firm, Morelli Alters Ratner (predecessor to the Morelli Law Firm) *is itself a signatory to the Agreement. See* Doc. 345, Ex. 1, page 7. It is also undisputed

1

that the law firm expressly agreed in the Agreement to remove all Internet postings regarding the Defendants. *See* Doc. 345, Ex. 1 at Section 3(b) ("Bouveng and MAR will refrain from adding and, to the extent within their control, remove Internet postings concerning Wey, NYG, the Bouveng Action and the Weiss Action."). However, in violation of the contractual duties that it voluntarily assumed, it is undisputed that the Morelli Law Firm to this day continues to breach the Agreement by maintaining posts regarding the Defendants on its website.

Thus, having elected to be a signatory to the Agreement, the Morelli Law Firm indisputably breached the Agreement, and yet is suggesting that it can escape responsibility for that breach.

The Morelli Law Firm makes several baseless arguments in its pre-motion letter. First, it cites a single inapposite decision, dealing with a motion under Fed. R. Civ. P. 21 for leave to add defense counsel as defendants to a derivative claim. *See* Plaintiff's pre-motion letter at 2, citing *Goldberg v. Meridor*, 81 F.R.D. 105 (S.D.N.Y. 1979). Here, the Plaintiff just recently elected to file a new Third Amended Complaint, and the Defendants had the right to timely add third party defendants under Federal Rule of Civil Procedure 14. In addition, in the *Goldberg* decision, the court held that the potential claims against the opposing counsel were vague. *Id.* at 113-14. Here, the Morelli Law Firm is clearly a signatory of the Agreement, and is indisputably breaching its contractual obligations under the Agreement. There is no vagueness to the breach of contract claim.

Moreover, unlike in *Goldberg*, the Morelli Law Firm continues to breach the Agreement, and that third-party defendant was added promptly after the Third Amended Complaint was filed, which just happened on October 17, 2017. There was no delay by the Defendants in adding the Morelli Law Firm, as was their right under Federal Rule of Civil Procedure 14.

The Morelli Law Firm next argues that the breach of contract claim must fail because it is not specifically listed in Section 7 of the Agreement, providing for liquidated damages. This argument is without merit. To begin with, it is undisputed that the Morelli Law Firm has breached the Agreement: it has kept postings on its website regarding the Defendants, in violation of Section 3(b), which expressly identifies the Morelli Law Firm as having a clear contractual obligation to remove all postings about the Defendants. Thus, even assuming, *arguendo*, that liquidated damages are not available, the Morelli Law Firm would still be liable for *actual damages* under the breach of contract claim. The Morelli Law Firm does not address this obvious point, which, in itself, defeats the anticipated motion to dismiss.

Moreover, the Morelli Law Firm ignores facts that indicate that it was intended to be included as a party that would be responsible to pay liquidated damages. Importantly, the Plaintiff has sued NYG for $10,000 in liquidated damages per violation, even though NYG is similarly not listed in the first sentence of Section 7 that provides for such liquidated damages. Specifically, in Paragraph 59 of its Third Amended Complaint, Plaintiff expressly seeks $10,000 in liquidated damages against NYG per alleged violation of the Agreement, even though NYG is not listed in the first sentence of Section 7. *See* Doc. 345, ¶ 59. Thus, Plaintiff's own pleading demonstrates that when the parties listed "Wey or Bouveng" in the first sentence of Section 7, those terms were intended by the parties to cover all parties on either side of the Agreement (including NYG and the Morelli Law Firm). Any other reading would allow the parties to bypass the liquidated

damages provision by having their respective agents make the Internet postings that both sides sought to be removed. The Morelli Law Firm cannot at the pleading stage assert on behalf of Plaintiff claims against NYG for $10,000 in liquidated damages under one reading of the Agreement, while at the same time offering a contradictory reading of the Agreement in seeking dismissal of the breach of contract claim brought against it.

Put simply, where a law firm elects to be a signatory to an agreement, and chooses to take on contractual obligations along with its client, the law firm certainly can be sued for breach of such contract if it breaches the agreement it chose to sign. *See, e.g.*, *Russo v. Estee Lauder Corp.*, 856 F. Supp. 2d 437, 467, 473-74 (S.D.N.Y. 2012) (upholding breach of contract claim brought against opposing counsel who signed and then allegedly violated a confidentiality agreement). Any other result would render illusory any and all agreements that happen to involve opposing counsel. The Morelli Law Firm knowingly undertook the risk that, if it chose to breach the agreement that it voluntarily entered into, it might face a breach of contract claim. It cannot now complain that it has been sued for what is an undisputed breach of the Agreement it chose to sign.

The pre-motion letter is also lacking in that it only addresses one of the 5 causes of action that were asserted against the Morelli Law Firm, yet inexplicably seeks complete dismissal from the case. Specifically, the pre-motion letter only addresses the Seventh Claim for Relief (Doc. 372, ¶¶ 108-123), while the Morelli Law Firm is added to 4 other claims (Claims 3 to 7 in Doc. 372). For example, The Third Claim for Relief asserts a claim of fraudulent inducement against the Morelli Law Firm, and the Fourth Claim asserts a related fraud claim. These claims specify in detail how an attorney at the Morelli Law Firm made fraudulent representations that induced the Defendants to enter into the Agreement. Doc. 372 ¶¶ 78-97. Under well-established law, an opposing counsel can be liable for fraudulent inducement if it knowingly conveys false information to induce the other side to enter into a settlement. *E.g.*, *Slotkin v. Citizens Casualty Co. of NY*, 614 F.2d 301, 311-14 (2d Cir. 1979) (upholding fraudulent inducement claim against opposing counsel).

The pre-motion letter also ignores other independent claims against the Morelli Law Firm, including the separate breach of contract claim set forth as the Fifth Claim for Relief, and the claim for fraud set forth in the Sixth Claim for Relief. See Doc. 372, ¶¶ 98-107. These claims are based on the undisputed documentary evidence that a partner of the Morelli Law Firm offered to annul the Agreement, and this offer was accepted. Indeed, it is because the Agreement was annulled that the Morelli Law Firm and the Plaintiff have continued to post on the Internet regarding the Defendants, which would constitute a breach of the very Agreement that Plaintiff is purporting to sue under.

In light of the above, the Morelli Law Firm's attempt to escape, at the pleading stage, the claims asserted against it relating to the Agreement that it signed is without basis. This is particularly troubling, since it is that firm that decided to just recently file a tag-along Third Amended Complaint (Doc. 345), which now purports to seek yet another $2.4 million in "liquidated damages," without identifying in discovery the specific Internet postings it is now suing under. It is axiomatic that the Plaintiff, having conducted a trial on actual damages, cannot now duplicate such damages by seeking "liquidated damages" resulting from the same Internet postings.

3

*Agerbrink v. Model Service LLC*, 196 F. Supp. 3d 412, 417-18 (S.D.N.Y. 2016) ("liquidated damages and actual damages are mutually exclusive under New York law"). Yet the Plaintiff has thus far refused to disclose which specific Internet postings she is now suing under, which is the subject of a discovery dispute that has been raised with Your Honor at Doc. 384.

Thus, what the Morelli Law Firm is attempting to do is (1) seek what is essentially duplicative damages against the Defendants, without identifying the Internet postings that Plaintiff is suing under and how they are different from the postings submitted at a two week trial; and (2) sue under an Agreement that was procured by fraud, and was then annulled; yet, at the very same time (3) avoid responsibility for its own breaches, including its agreement to annul the Agreement, and its own postings about the Defendants, which would clearly breach the Agreement, assuming that it was not annulled.

The Plaintiff's pursuit of this breach of contract action is the epitome of the tail wagging the dog, and after discovery, the Defendants will demonstrate why the claims should be dismissed on summary judgment. But, at this pleading stage, it is contrary to law, and would be extremely unfair, for the Defendants to face breach of contract claims, while the Morelli Law Firm evades its obligations under the very Agreement it, in contradictory fashion, insists is in effect.

For the above reasons, the Defendants respectfully submit that the Morelli Law Firm has not articulated grounds to justify a costly motion to dismiss. In the event that such a motion is made, then of course the Defendants will oppose the motion, as we respectfully believe that the motion is without basis.

Respectfully submitted,

**CATAFAGO FINI LLP**

   /s/    Tom M. Fini_____
Tom M. Fini, Esq.
The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118
212-239-9669
tom@catafagofini.com
*Counsel for NYG Capital LLC and Benjamin Wey*